## STATE of Vermont v. James HICKS, Jr.

[711 A.2d 660]

No. 96-504

March 18, 1998. Defendant appeals from two convictions for sexual assault against a minor and one conviction for lewd and lascivious conduct with a child. He argues that the court erred by (1) failing to dismiss the charges against him because the State did not allege the time of the offenses as specifically as possible, and (2) by denying his motion to continue to allow him to hire a new attorney. We affirm.

All three convictions were based on allegations that defendant sexually abused his girlfriend's — now wife's — two daughters, ages eleven and twelve, while they were all living on Coventry Street in Newport. The police officer's affidavit in support of the informations stated that the three offenses occurred on the same day, sometime between Easter and June 1, 1994, and the informations alleged that the day was sometime between April 3 and June 1, 1994. After defendant gave notice of an alibi defense, the State amended the informations, alleging that the abuse occurred between January 1994 and August 1994, the entire period that complainants lived at the Coventry Street house.

At trial, the younger child, who was then thirteen years old, could not recall the date of the offenses, but knew they occurred at the Coventry Street house and that she moved out of that house on September 14, 1994. The older child, who was fifteen years old at trial, could not recall the date either, but after refreshing her memory with a transcript of her deposition, testified that the date was after Easter and before June. Testimony from other witnesses indicated that defendant moved out of the Coventry Street house in the third week of March 1994 and did not return until after the complainants moved to a foster home. Following the testimony of the two children, defendant moved to dismiss for lack of specificity in the information, and later, moved to set aside the verdict or for a new trial on the same grounds. The trial court ruled that the time frame Easter to June 1, 1994 had not been established sufficiently to require the State to narrow its charges to that time frame.

On appeal, defendant argues that the information should have alleged the time frame of Easter to June 1, 1994 because one of the children testified that the offenses occurred during this period of time, and the State is required to be as specific as possible. Child victims of sexual abuse often are unable to identify the date of the offense. See *State v. Ross*, 152 Vt. 462, 465, 568 A.2d 335, 337 (1989). And children who are repeatedly sexually abused over several months or years have difficulty establishing the dates of particular assaults. See, e.g., *People v. Naugle*, 393 N.W.2d 592, 596 (Mich. Ct. App. 1986) (information charging three counts of sexual abuse was sufficiently specific without alleging exact dates where thirteen year old victim testified that defendant had been molesting her since she was eight years old, so specific dates did not stick out in her mind).

In cases of sexual abuse, time is not an essential element of the offense, and therefore, need not be charged in the information. See *State v. Gomes*, 162 Vt.

319, 322, 648 A.2d 396, 399 (1994). The State must show that the offense occurred within the statute of limitations, and the defendant must be given a fair opportunity to prepare a defense in the circumstances of the case. See *Ross*, 152 Vt. at 465, 568 A.2d at 337. Moreover, a defendant has no vested right to an alibi defense. See *Gomes*, 162 Vt. at 322, 648 A.2d at 399. Notice of the time of an offense must be reasonable under all the circumstances of the case. Some factors to consider include the age and circumstances of the complainants, how the abuse was carried out, and the State's ability to be more specific. See *id.*

In this case, the children were about ten and eleven years old at the time of the offenses. They both testified that defendant sexually abused them "a lot" when they lived on Coventry Street and threatened to kill them if they told anyone, resulting in delayed reporting. The younger child testified that she told her mother once but that the mother did not believe her and did not do anything to help. The older child testified, consistently with the younger child, that the offenses occurred while defendant was living with them on Coventry Street. Inconsistent with this testimony, she stated that the offenses occurred between Easter and June 1, 1994.

Defendant argues that the State is required to be more specific where, as here, the child is able to establish a more precise time frame. The child's testimony was actually inconsistent about the time period — while defendant lived at Coventry Street or between Easter and June 1. In view of the child's confusion over the date and all the other circumstances in this case, the notice of the time of the offense was reasonable. Aside from losing his alibi defense as a result of the amendment of the information, a defense in which he has no vested right, see *Gomes*, 162 Vt. at 322, 648 A.2d at 399, defendant has not alleged that the amendment caused him any prejudice.

Defendant also relies on *People v. Keindl*, 502 N.E.2d 577, 581-82 (N.Y. 1986), in which the New York Court of Appeals dismissed charges of sexual abuse where the indictments alleged the abuse occurred over periods from ten to sixteen months long and the victims were between the ages of eight and thirteen. Under the circumstances of that case, the court concluded that the periods were unreasonably excessive because children between the ages of eight and thirteen should be capable of discerning at least seasons or other events to assist them in narrowing the time spans alleged. See *id.* at 581. In this case, the record indicates that the State made efforts to narrow the time frame, but the children were unable to be more specific than setting the date at a time during which they lived on Coventry Street. See *id.* (whether indictment is sufficiently specific must be decided case-by-case by considering all relevant facts; one factor is State's ability to narrow time span). The age of the complainants alone does not require a more specific time in the information. See, e.g., *Naugle*, 393 N.W.2d at 596 (thirteen years old at time of abuse charged); *State v. Clark*, 682 P.2d 1339, 1342 (Mont. 1984) (twelve years old at time of abuse charged).*

Next, defendant argues that the court

---

*Moreover, in *Keindl*, the State had charged the defendant in each count with multiple criminal acts that occurred every week during the time span specified and argued that the abuse should be recognized as a continuing offense. The court rejected the theory of a continuing offense and held that the multiplicity of acts encompassed in a single count make it impossible to determine if the jury reached a unanimous verdict regarding any particular act. Thus, the court required the charges to specify the various acts within each time span with more particularity. See *id.* at 581-82. Here, each information alleged a single criminal

erred by denying him a continuance to allow him to hire another attorney. On the morning of the trial, defendant declared that he wanted to fire his attorney, and he requested a continuance to hire a new attorney. After the court inquired into his dissatisfaction with his attorney, the court offered to allow him to proceed pro se, but denied a continuance.

The denial of a motion to continue will not be reversed absent a clear abuse of discretion. See *State v. Lund*, 168 Vt. —, —, 718 A.2d 413, 415 (1998). "Last-minute requests to substitute defense counsel are not favored." *United States v. Klein*, 13 F.3d 1182, 1185 (8th Cir. 1994). Absent unusual circumstances, there is no abuse of discretion in denying such a motion. See *State v. Waters*, 542 N.W.2d 742, 745 (N.D. 1996); see also *Morris v. Slappy*, 461 U.S. 1, 11, 12 (1983) (trial judges afforded great deference in scheduling trials; compelling reason necessary to show denial of continuance to substitute counsel violates right to assistance of counsel); *United States v. Pierce*, 60 F.3d 886, 891 (1st Cir. 1995) (denial of last-minute request for continuance to substitute counsel is entitled to "extraordinary deference"); *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994) (motion to substitute counsel on first day of trial is clearly untimely unless under most exigent circumstances).

To determine whether the court abused its discretion, we consider (1) the timeliness of defendant's motion, (2) the adequacy of the court's inquiry, and (3) whether a conflict creates total lack of communication between defendant and his counsel preventing an adequate defense. See *United States v. George*, 85 F.3d 1433, 1438 (9th Cir. 1996). In this case, defendant moved to substitute counsel on the morning the trial was to begin, although counsel had been representing him for nine months. The trial court inquired into the reasons that defendant wanted to substitute counsel and responded to each of defendant's concerns. Finally, although counsel indicated that there were significant discrepancies between himself and his client, defendant points to nothing in the record to show that a lack of communication prevented an adequate defense. See *Corporan-Cuevas*, 35 F.3d at 957 (no evidence lack of communication prevented adequate defense).

The court appropriately weighed the public interest in orderly and expeditious prosecutions, see *id.* at 956, and concluded that defendant's reasons for requesting substitute counsel were not sufficiently compelling to bring the trial to a halt at the last moment. We find no abuse of discretion. See V.R.Cr.P. 44.2(c) Reporter's Notes (requirement that good cause be shown for withdrawal is designed to prevent last-minute withdrawals from interfering with scheduling trials); *Pierce*, 60 F.3d at 891-92 (no abuse of discretion in denying eve-of-trial motion to continue to substitute counsel because motion was untimely, court's inquiry was adequate and no error in finding communication between counsel and client was sufficient to allow satisfactory defense); *United States v. Goldberg*, 67 F.3d 1092, 1098-99 (3d Cir. 1995) (denial of last-minute request for substitution of counsel and continuance was not abuse of discretion where disagreement with counsel amounted to disagreement over strategy).

*Affirmed.*

---

act; thus, the verdicts were unanimous on each of the three acts charged.