2011 VT 75

**In re Ronald COMBS**

[27 A.3d 318]

No. 09-422

¶ 1. July 6, 2011. Petitioner appeals from a trial court order denying his petition for post-conviction relief (PCR), which alleged ineffective assistance of counsel. Petitioner makes two arguments: (1) the trial court erred in holding that petitioner's criminal defense counsel did not render ineffective assistance by failing to seek a bifurcated trial and explaining its merit to petitioner; and (2) the trial court failed to consider his claim that his counsel rendered ineffective assistance by not seeking a stipulation that petitioner was insane at the time of the offense. We affirm on the first claim, but agree that the trial court failed to resolve the second claim. For this reason, we reverse and remand.

¶ 2. On October 20, 1995, petitioner was convicted of first degree murder and was sentenced to serve thirty-five years to life in prison. This Court affirmed his conviction in *State v. Combs*, No. 1996-018 (Vt. February 24, 1997) (unpub. mem.). In October 2006, petitioner filed a PCR petition, claiming that the State had not met its burden of proof in his criminal case. Petitioner amended his petition several years later, focusing on the claim that he had received ineffective assistance from his defense counsel. The trial court adjudicating petitioner's petition (PCR court) conducted an evidentiary hearing on October 6, 2009, and subsequently denied the PCR petition. This appeal followed.

¶ 3. Petitioner was initially arrested and charged with murder in 1990. At that time, he retained a private attorney as his defense counsel. Shortly after his arrest, petitioner's competency and sanity were evaluated, and he was deemed incompetent to stand trial because he suffered from schizophrenia paranoid type. Petitioner spent the following four years involuntarily committed to the Vermont State Hospital, until the State raised the issue of his competency again in 1994. A second psychiatric evaluation in 1994 led to the conclusion that petitioner was competent to stand trial, though the evaluation deemed his competence to be "marginal." Both physicians who evaluated petitioner concluded that the insanity defense could be supported given petitioner's psychiatric condition at the time of the crime. All psychiatric evidence suggested that petitioner was insane at the time of the murder. At a later hearing, the State prosecutor questioned the ethics of prosecuting a defendant who may have been legally insane at the time of the alleged crime.

¶ 4. The district court considering the criminal case specifically questioned defense counsel about his decision not to proceed with an insanity defense. Defense counsel explained that petitioner genuinely desired to plead not guilty and did not want the implication of guilt from an insanity defense. In response, the judge told defense counsel that "it can be a separate issue as to whether or not . . . he committed the act," and that "his mental state" at the time of the act could be assessed "secondly." The judge continued: "I just want to make sure that this has been clearly discussed, and I don't see that in order to use an insanity defense that it's essential that the act be admitted, and I guess I would like that discussed with your client. Maybe what we can do is you can discuss that with him for a while . . . ." Without consulting petitioner, who was present in court, de-

fense counsel responded that he had discussed "all of this" with his client and that petitioner was "quite adamant about the fact that he [did] not wish to pursue that defense in any way, shape or strategy." Defense counsel clarified that his client was not refusing the insanity defense because he believed he would have to admit the act in order to raise the issue of insanity, and the court proceeded with the understanding that petitioner did not want a separate consideration of the insanity defense.

¶ 5. Petitioner went to trial, and a jury convicted him of first degree murder. He was sentenced to serve thirty-five years to life in prison.

¶ 6. More than ten years after his original conviction, petitioner filed a pro se PCR petition. In the amended petition considered by the PCR court, petitioner claimed that he received ineffective assistance of counsel because defense counsel failed to: (1) pursue an insanity defense when petitioner was deemed incompetent and was hospitalized for several years prior to his trial; (2) stipulate to insanity with the state's attorney when that opportunity presented itself; (3) bifurcate the trial upon the invitation of the court; and (4) pursue an insanity defense at trial. Petitioner claimed that absent the above errors by defense counsel, there was a "reasonable probability" that he would have received a more favorable resolution of his case.

¶ 7. At the evidentiary hearing, petitioner offered an expert witness — a criminal defense lawyer — who testified that petitioner's defense counsel rendered ineffective assistance of counsel for the second and third reasons above, and that there was a reasonable probability that the outcome of the criminal prosecution would have been different without the unprofessional errors. The State offered the testimony of defense counsel in the underlying criminal case, as well as that of an expert witness, also a criminal

defense lawyer. The State's expert witness testified that defense counsel's assistance was not ineffective for the third reason above, failure to bifurcate the trial, and, even if the assistance was ineffective, there was no reasonable probability of a different result. This witness did testify that defense counsel's assistance was ineffective for the second claimed reason, failure to stipulate to insanity,[1] but again there was no reasonable probability of a different result if the representation had been effective.

¶ 8. After a hearing, the PCR court denied petitioner's PCR petition, reasoning that "[b]ecause it was [petitioner] who [chose] not to raise insanity as a defense, [defense counsel] did not conduct himself in a manner that supports a finding of 'ineffective assistance of counsel.'" In reaching this conclusion, the court specifically addressed the bifurcation claim. It recited the discussion between defense counsel and the district court judge, summarized above. It found that petitioner refused to use an insanity defense "in any way," and petitioner had the right to make that choice. It found credible the testimony of defense counsel that he repeatedly raised the insanity defense with petitioner and held that it did not matter whether defense counsel used the term "bifurcation." The court never mentioned the second claim in the petition, counsel's failure to stipulate to insanity, and failed to resolve it. Petitioner now appeals to this Court.

---

[1] The expert witness testified that defense counsel "should have pursued" a possible stipulation with the prosecutor and then added, "I don't necessarily disagree with" petitioner's expert witness that defense counsel's failure fell "below the standard of care." For purposes of this decision, we take that statement as the expression of an opinion that defense counsel rendered ineffective assistance of counsel.

¶ 9. We review findings of fact in PCR appeals using a clearly erroneous standard. *State v. Bristol*, 159 Vt. 334, 336, 618 A.2d 1290, 1291 (1992). We will not disturb the findings if they are supported by any credible evidence, and even when the evidence is conflicting, we defer to the trial court's judgment. *Id.* at 336-37, 618 A.2d at 1291. A petitioner bears the burden of proof on a PCR petition and must show, "by a preponderance of the evidence, that fundamental errors rendered his conviction defective." *In re Liberty*, 154 Vt. 643, 644, 572 A.2d 1381, 1382 (1990) (mem.). Vermont uses a two-part standard for evaluating an ineffective assistance of counsel claim — a test that is essentially equivalent under the United States and Vermont constitutions. *In re Russo*, 2010 VT 16, ¶ 16, 187 Vt. 367, 991 A.2d 1073. Ineffective assistance of counsel cases first require that the petitioner show by a preponderance of the evidence that defense counsel's performance "fell below an objective standard of reasonableness informed by prevailing professional norms." *In re Dunbar*, 162 Vt. 209, 212, 647 A.2d 316, 319 (1994); see also *In re Washington*, 2003 VT 98, ¶ 8, 176 Vt. 529, 838 A.2d 87 (mem.). If this first burden is met, petitioner must further show that counsel's performance prejudiced the defense by demonstrating " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Dunbar*, 162 Vt. at 212, 647 A.2d at 319 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)); see also *Russo*, 2010 VT 16, ¶ 16; *Washington*, 2003 VT 98, ¶ 8.

¶ 10. As this Court has previously acknowledged, petitioner's burden in ineffective assistance of counsel cases "is a heavy one." *Dunbar*, 162 Vt. at 212, 647 A.2d at 319. Trial counsel is allowed much discretion in decisions regarding trial strategy, and we will not measure counsel's competence based on the failure of that strategy. *Id.* Instead, we must assess whether counsel's decisions were "within the range of competence demanded of attorneys in a criminal case at that time." *In re Mecier*, 143 Vt. 23, 32, 460 A.2d 472, 477 (1983). Furthermore, as we recited in *In re Pernicka*, fairly assessing counsel's performance requires " 'that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " 147 Vt. 180, 183, 513 A.2d 616, 618 (1986) (quoting *Strickland*, 466 U.S. at 689). Due to the difficulties of making such an evaluation, " 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .' " *Id.* (quoting *Strickland*, 466 U.S. at 689).

¶ 11. Petitioner presents two main arguments on appeal: (1) the PCR court erroneously held that defense counsel was under no duty to inform his client about the advantages of a bifurcated trial despite the district court judge inviting bifurcation and directing defense counsel to discuss it with his client; and (2) the PCR court failed to address whether defense counsel was ineffective for not seeking a stipulation with the State. In making the first argument, petitioner claims that he was offered[2] a procedural option that no defendant would refuse — that is, to first go to trial to determine his guilt or innocence and then, if found guilty, to decide whether to advance an insanity defense to avoid a long jail sentence. He faults defense counsel for not fully explaining this option and its obvious advantages. His expert witness testified that

_____
[2] For purposes of this decision, we assume that the district court made a firm offer of a bifurcated proceeding and would have gone through with it. We offer no opinion on the appropriateness of the bifurcation procedure.

the failure to advise petitioner properly was ineffective assistance of counsel. Defense counsel testified that petitioner had categorically rejected an insanity defense under all circumstances primarily because he had spent a lengthy period in the state mental institution and did not want to go back there. The State points to the record of the hearing in the criminal case in which the district judge suggested bifurcation and defense counsel stated that he had "discussed all of this" with petitioner. The district court accepted defense counsel's testimony that defendant refused to raise an insanity defense. Those findings are not clearly erroneous.

¶ 12. The decision on whether to raise an insanity defense in a criminal case resides with the defendant. *State v. Bean*, 171 Vt. 290, 302, 762 A.2d 1259, 1267 (2000); see also *State v. Tribble*, 2005 VT 132, ¶ 31, 179 Vt. 235, 892 A.2d 232. It is the duty of counsel to implement the client's decision. *Tribble*, 2005 VT 132, ¶ 34. Counsel cannot pursue an insanity defense over the objection of defendant. Based on its findings, the PCR court ruled that petitioner made the decision not to raise an insanity defense after advice from defense counsel and defense counsel could not be faulted for a wrong decision. We uphold that conclusion as supported by the evidence and the findings. Thus, petitioner failed to prove that defense counsel's representation was ineffective on this issue, and we must affirm the court's decision.

¶ 13. Petitioner's next claim of error on appeal is that the PCR court improperly failed to address whether defense counsel was ineffective for not seeking a stipulation with the State that petitioner was "not guilty by reason of insanity." Petitioner correctly indicates that both expert witnesses who testified agreed that defense counsel should have pursued such a stipulation and fell below the reasonable standard of care for failing to do so. Petitioner relies upon opinions of the examining mental health professionals that petitioner was insane at the time of the offense and a comment by the prosecuting attorney in 1994 that he was researching the ethical propriety of prosecuting a defendant who had been found insane by the examining mental health professionals. The State's expert witness testified that it was speculative whether the prosecutor would have entered into a stipulation of insanity.

¶ 14. Petitioner argues that defense counsel could have imposed the insanity defense on him between 1990 and 1994 before he was deemed competent to stand trial because he had been declared incompetent at that point and therefore could not control defense strategy by objecting to an insanity defense. Except for transcripts of hearings, the record from the criminal case was not before the PCR court. Thus, for example, the opinions of the mental health professionals were not before the PCR court, and it was unclear when the opinions that defendant was incompetent were reached. The statement of the prosecutor that he was researching the ethics of the prosecution came after the determination that petitioner had been found competent to stand trial. The court made no findings about what occurred during the period in question and never addressed petitioner's claim.

¶ 15. The PCR court had the duty to make findings on the disputed evidence before it and to address each of petitioner's claims of ineffective assistance of counsel. While the court generally denied petitioner relief, its decision never addressed his claim regarding a stipulation of insanity. In the absence of findings and conclusions, and a clear decision, we cannot review the court's judgment. See *In re Hale Mtn. Fish & Game Club, Inc.*, 2007 VT 102, ¶ 10, 182 Vt. 606, 939 A.2d 498 (mem.); *Klein v. Klein*, 150 Vt. 466, 472, 555 A.2d 382, 386 (1988). Thus, on petitioner's second claim on review, we re-

verse and remand for proper findings and determination of the claim.

*Reversed and remanded for proceedings consistent with this decision.*