*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-027

JULY TERM, 2012

| | |
|---|---|
| In re Ronald Combs | } APPEALED FROM:<br>}<br>} Superior Court, Franklin Unit,<br>} Civil Division<br>}<br>}<br>} DOCKET NO. S450-06 Fc |

Trial Judge: Ben W. Joseph

In the above-entitled cause, the Clerk will enter:

Petitioner Ronald Combs appeals from a trial court order denying his petition for post-conviction relief based on a claim of ineffective assistance of counsel. Petitioner contends the trial court: (1) applied an erroneous standard of proof; and (2) ignored strong evidence in support of the claim. We agree with the first contention, and therefore reverse and remand.

This is the second appeal in this matter. As set forth in the first appeal, In re Combs, 2011 VT 75, 27 A.3d 318, the underlying facts may be summarized as follows. Petitioner was charged with murder in 1990, retained counsel, and ultimately was deemed incompetent to stand trial. Id. ¶ 3. Petitioner spent four years involuntarily committed to the Vermont State Hospital until, at the State's request, he was reevaluated in 1994 and deemed competent to stand trial. Both examining psychiatrists concluded, however, that an insanity defense could be supported, and the State's attorney "questioned the ethics" of prosecuting a defendant who may have been legally insane at the time of the crime. Id.

At trial, the court questioned defense counsel about his decision not to pursue an insanity defense, noting that the issue of guilt could be tried separately from the question of petitioner's mental state, but counsel indicated that defendant was "adamant" that he did not wish to pursue such a defense. Id. ¶ 4. Petitioner was convicted of first degree murder, and later sentenced to serve thirty-five years to life. This Court affirmed. State v. Combs, No. 1996-018 (Vt. Feb. 24, 1997) (unpub. mem.).

Ten years later, petitioner filed an original and amended PCR petition, claiming that he received ineffective assistance of counsel as a result of his trial attorney's failure, inter alia, to (1) inform petitioner about the advantages of a bifurcated trial, and (2) enter into stipulation with the State as to petitioner's insanity while petitioner was involuntarily committed. Following an evidentiary hearing, the trial court denied the petition. On appeal, we affirmed the trial court's ruling on the first claim, but found that the trial court had failed to address the second. Accordingly, we reversed and remanded for further proceedings on this issue. In re Combs, 2011 VT 75, ¶¶ 14-15.

Following our remand, the trial court issued a second decision. Reviewing the evidence adduced at the original hearing, the court noted that petitioner had called an experienced defense attorney as an expert witness. The attorney testified that trial counsel should have asked the prosecutor for a stipulation of insanity while petitioner was involuntarily committed, that the omission was below the standard of care, and that there was a reasonable probability the result would have been different had he done so. The State also called an expert witness, another experienced defense attorney, who agreed that trial counsel should have asked for stipulation of insanity, but disagreed that it would have changed the result because it was not reasonably probable that the prosecutor would have consented to such a stipulation.

The trial court did not explicitly address whether counsel's conduct fell below the level of a reasonably competent attorney. Instead, the court appears to have implicitly assumed that it did, and turned to the question of prejudice. Here, the court noted that the original trial prosecutor was still available, and concluded that "[i]t was incumbent on the petitioner to call" the prosecutor and ask whether he would have agreed to the stipulation. Absent such testimony, the court ruled that petitioner had failed to "prove by a preponderance of the evidence that there was a reasonable probability that there would have been a different outcome in the case." Accordingly, the court denied the petition. This appeal followed.

Petitioner contends the trial court applied an erroneous standard of proof to the question of whether he was prejudiced by counsel's failure to seek a stipulation of insanity and dismissal. In the seminal United States Supreme Court decision, Strickland v. Washington, 466 U.S. 668, 687 (1984), the Court held that claims of ineffective assistance have "two components." First, a convicted defendant "must show that counsel's representation fell below an objective standard of reasonableness" Id. at 688. Second, the defendant must demonstrate that "counsel's performance was prejudicial to the defense. Id. at 693. To prove prejudice, the Court explained, it was "not enough . . . to show that the errors had some conceivable effect on the outcome of the proceeding," but neither "[o]n the other hand . . . [must] a defendant . . . show that counsel's deficient conduct more likely than not altered the outcome in the case." Id. at 694. As the Court explained: "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." Id.

Accordingly, the Court concluded that "the appropriate test for prejudice" was a "reasonable probability" standard. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In later decisions, the Supreme Court has made it clear that prejudice in this context requires less than a demonstration by a preponderance, or more-likely-than-not, standard. Indeed, in Williams v. Taylor, the Court observed:

> If a state court were to reject a prisoner's claim of ineffective assistance of counsel on the grounds that the prisoner had not established by a preponderance of the evidence that the result of his criminal proceeding would have been different, the decision would be . . . [contrary] . . . to our clearly established precedent because we held in Strickland that the prisoner need only demonstrate a "reasonable probability" that . . . the result of the proceeding would have been different.

529 U.S. 362, 405-06 (2000); accord <u>Nix v. Whiteside</u>, 475 U.S. 157, 175 (1986) ("[A] defendant need not establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under <u>Strickland</u>."); see also <u>In re Dunbar</u>, 162 Vt. 209, 212 (1994) (holding that, once defendant has shown that counsel's performance was deficient, defendant must prove "prejudice by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (quotation omitted)).

Thus, in ruling that petitioner here failed to "prove by a preponderance of the evidence that there was a reasonable probability" of a different outcome, the trial court conflated the preponderance and reasonable-probability standards that the Supreme Court has carefully distinguished, and rendered it impossible to determine which standard the court applied. The State responds to this conundrum by asserting that the standards are largely identical. While the differences may be subtle, the High Court has expressly held that the preponderance test poses a more stringent—and unwarranted—hurdle than one based on whether counsel's errors were "sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. The State also suggests that the evidence here was insufficient even under the reasonable probability standard, based on the trial court's finding that the prosecutor's testimony was essential to conclude that the result would have been different. We cannot discern from the court's decision, however, whether it would have reached this conclusion under the less stringent standard, particularly in light of the evidence of the prosecutor's expressed concerns about the ethical propriety of prosecuting a defendant who, according to the experts, may have been insane at the time of the offense.

Accordingly, we conclude that the case must be remanded to the trial court for further consideration of the issue under the appropriate evidentiary standard.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice