*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-440

MAY TERM, 2013

| | |
|---|---|
| In re Ronald D. Combs | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| | } Civil Division |
| | } |
| | } |
| | } DOCKET NO. S450-06 Fc |
| | |
| | Trial Judge: Dennis R. Pearson |

In the above-entitled cause, the Clerk will enter:

Petitioner Ronald Combs appeals from a trial court order denying his petition for post-conviction relief based on a claim of ineffective assistance of counsel. Petitioner contends the trial court: (1) applied an erroneous standard of proof; and (2) erred in crediting the State's legal expert over his own. We affirm.

This is the third appeal to reach the Court in this PCR proceeding. As set forth in the first appeal, In re Combs, 2011 VT 75, 190 Vt. 559 (mem.), the background may be summarized as follows. Petitioner was charged with murder in 1990, retained counsel, and ultimately was deemed incompetent to stand trial. After four years of involuntary commitment to the Vermont State Hospital, petitioner was reevaluated in 1994 at the State's request and deemed competent to stand trial, although both evaluating physicians concluded that "the insanity defense could be supported given petitioner's psychiatric condition at the time of the crime." Id. ¶ 3.

At a pretrial hearing, the trial court questioned defense counsel about his decision not to proceed with an insanity defense, noting that the issue of guilt could be tried separately from that of petitioner's mental state. The prosecutor also noted that the reports raised ethical concerns about prosecuting someone who may have been legally insane at the time of the offenses. Id. ¶ 3. Defense counsel informed the court, however, that he had discussed the insanity defense with petitioner, who was "adamant" that he did not wish to pursue it. Id. ¶ 4. Petitioner was subsequently tried, convicted of first degree murder, and sentenced to thirty-five years to life. Id. ¶ 5. This Court affirmed. State v. Combs, No. 1996-018 (Vt. Feb. 24, 1997) (unpub. mem.).

Ten years later, petitioner filed a PCR petition, claiming that he received ineffective assistance of counsel as a result of his attorney's failure, inter alia, to: (1) inform petitioner about the advantages of a bifurcated trial; and (2) seek a stipulation from the State as to petitioner's insanity while he was involuntarily committed. In re Combs, 2011 VT 75, ¶ 6. Following an evidentiary hearing, the trial court denied the petition. Id. ¶ 8. On appeal, we affirmed the court's ruling on the first claim, but found that the court had failed to address the second, and remanded for further proceedings on this issue. Id. ¶¶ 14-15.

Following our remand, the trial court issued a second decision, based on the evidence adduced at the original PCR hearing, again denying the petition. The trial court did not expressly address whether counsel's failure to seek a stipulation to insanity was deficient, but rather concluded that petitioner failed to "prove by a preponderance of the evidence that there was a reasonable probability that there would have been a different outcome in the case" had he done so. In re Combs, No. 2012-027, 2012 WL 2880535, at * 2 (Vt. July 11, 2012) (unpub. mem.) (emphasis added) (Combs II).

On appeal from this ruling, petitioner claimed that the trial court had applied an erroneous prejudice standard. Under the U.S. Supreme Court's seminal decision in Strickland v. Washington, 466 U.S. 668, 694 (1984), a petitioner claiming ineffective assistance must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." The high court specifically defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Id. The Supreme Court has since made it clear that this standard is less stringent than the preponderance, or more-likely-than-not standard. Nix v. Whiteside, 475 U.S. 157, 175 (1986). Accordingly, we concluded in Combs II that the trial court "conflated" the two standards, and therefore remanded for further consideration of the issue under the appropriate evidentiary standard. Combs II, 2012 WL 2880535, at *3.

Following our remand, the trial court held a hearing, where counsel for both petitioner and the State requested a ruling on the evidentiary record from the initial PCR merits hearing in October 2009. Accordingly, the trial court reviewed the record and issued a written ruling in October 2012. The court noted that two legal experts had testified on whether trial counsel was deficient in failing to seek a stipulation from the prosecutor, during the period of petitioner's involuntary commitment, that petitioner was legally insane at the time of the offense. Petitioner's expert opined that petitioner was prejudiced by the failure because, given the prosecutor's comments about the case, there was a reasonable likelihood that he would have entered into such a stipulation. The State's expert concluded that such an agreement was unlikely in light of the evidence of premeditation, opposition from the victim's family, the high-profile nature of the case, and the possibility of petitioner's eventual release from treatment.

The trial court found the analysis of the State's expert to be more persuasive, and also relied on evidence that the prosecutor remained focused on an eventual prosecution, including efforts to obtain potentially incriminating statements by petitioner while he was hospitalized without violating the physician-patient privilege. The trial court concluded that these factors far outweighed any "ethical" concerns the prosecutor may have harbored, and thus the court found no " 'reasonable probability' that the failure of [petitioner's] defense counsel to seek a stipulation of acquittal on the basis of insanity" altered the outcome of the case. Applying the Strickland test, the court further found that "confidence in the 'reliability' of [p]etitioner's guilty verdict and resulting sentence is not 'undermined,' or shaken on this record with respect to this last and final issue regarding the failure of his criminal trial counsel to seek a stipulation of acquittal based on insanity." Accordingly, the trial court denied the petition. This appeal followed.

Petitioner contends the trial court again applied an erroneous prejudice standard, focusing on the court's statement that a "reasonable probability" in this context suggests "something better, or more than a 1-in-3 chance, but less than a 50.1% probability." We agree with petitioner's assertion that this observation by the court "was unnecessary, unsupported, and unprecedented."[1] We find no basis to

---

[1] As many courts have observed, evidentiary standards such as "reasonable probability" and "beyond a reasonable doubt" are better defined in general terms rather than specific percentages. See, e.g., Victor v. Nebraska, 511 U.S. 1, 15 (1994) (noting that proof beyond a reasonable doubt suggests a

conclude, however, that it was anything other than harmless, given the court's otherwise clear and faithful application of the Strickland standard. See State v. McGee, 163 Vt. 162, 167 (1995) (holding that any error in burden-of-proof instruction was harmless considered in light of instructions as a whole). Petitioner also asserts that, if a percentage were appropriate in this context, it would be more like "a one-in-five chance" that trial counsel's unprofessional conduct affected the outcome. Because we do not approve the notion that "reasonable probability" can be statistically quantified, we do not address the question of which party's percentage best reflects the standard. The trial court here expressly found "a less than 1-in-10 chance that the State's Attorney would have favorably considered" a stipulation to insanity. Thus, even if petitioner's proposed odds were used, the result would be the same.

Petitioner also asserts that the trial court "erred in crediting [the] state's legal expert over [petitioner's] expert." He contends the State's expert relied on the incorrect preponderance standard in opining that the prosecutor would not have stipulated to an acquittal based on insanity, but the trial court here—as noted—relied on the expert's reasoning in support of his conclusion, not his underlying burden of proof standard. Petitioner also contends the trial court improperly credited the expert's "personal familiarity" with the prosecutor, noting that the expert acknowledged that his views were based in part on his experience of having tried cases with the prosecutor. Although the court observed that the expert was an experienced former deputy State's Attorney and private defense counsel "who had dealt with [the prosecutor] on many occasions," there is no indication that this was a significant factor in its decision which, as noted, relied on such factors as the existence of "substantial . . . evidence [of] premeditation," "substantial opposition from the victim's family," and evidence of the prosecutor's undiminished interest in renewing the prosecution even while petitioner was hospitalized. Accordingly, we find no error, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

"need to reach a subjective state of near certitude of the guilt of the accused" (quotation omitted)); United States v. Hall, 854 F.2d 1036, 1044 (7th Cir. 1988) ("Numerical estimates of probability are helpful in investments, gambling, scientific research, and many other activities but are unlikely to be helpful in the setting of jury deliberations.") (Posner, J., concurring); Comm. v. Sullivan, 482 N.E.2d 1198, 1200 (Mass. App. Ct. 1985) ("The idea of reasonable doubt is not susceptible to quantification; it is inherently qualitative."); State v. Blake, 2002 UT 113, ¶20, 63 P.3d 56 ("Standards such as 'reasonable certainty' or 'reasonable probability' elude quantification.").