*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-443

JUNE TERM, 2016

In re James E. Hicks, Jr. 　　　　　　　　 } 　 APPEALED FROM:
}
} 　 Superior Court, Orleans Unit,
} 　 Civil Division
}
} 　 DOCKET NO. 23-1-13 Oscv

　　　　　　　　　　　　　　　　　 Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the court's order denying his post-conviction relief (PCR) petition. On appeal, he argues that the court's findings were not supported by the evidence and that the court abused its discretion in failing to address all of the issues in the petition. We affirm on the first issue and reverse and remand the second.

In 1995, petitioner was convicted of two counts of sexual assault on a minor and one count of lewd and lascivious conduct with a child. He was sentenced to 12-20 years, consecutive, on each of the sexual assault convictions, and 0-1 year on the lewd and lascivious conduct charge. Those convictions were affirmed on appeal. State v. Hicks, 167 Vt. 623 (1998).

Several years later, petitioner filed a PCR petition, alleging ineffective assistance of counsel. Following a trial, the PCR court denied the petition, and this Court affirmed. In re Hicks, No. 2006-015, 2006 WL 5847248 (Vt. Aug. 31, 2006) (unpub. mem.). Petitioner filed a second PCR petition, alleging errors by counsel in the criminal proceeding and the first PCR proceeding. The case settled in May 2012. The stipulation to dismiss is signed by petitioner's counsel, the state's attorney, and the judge. The stipulation provides that petitioner's sentences for counts one and two will both be amended from "12-20 years to serve, consecutive" to "12-17 years to serve, consecutive." The stipulation also states "It is the parties' intent that Petitioner's sentence will now be 24 to 35 years, to serve, and that he shall receive credit for all time served."

Petitioner pro se filed this third PCR petition in January 2013 (and an amended petition in August 2013). He alleged ineffective assistance of counsel, police misconduct, and excessive punishment. He also claimed that he had given his counsel in the second PCR consent to enter into an agreement that would take off six years off his maximum sentence, advancing his maximum release date from 2023 to 2016. He claimed that he did not consent to or even know of the different agreement his lawyer had entered into on his behalf that allowed the six year reduction in his maximum sentence to be split between his two convictions. Because he had already served his sentence for one, the new sentence advanced his maximum release date by less than six years.

The focus of the discussion at the initially scheduled merits hearing, much of which was more of a status conference, was the alleged flaw in the settlement of petitioner's second PCR petition. When petitioner asked whether the court would address the other issues raised in his PCR petition, the court explained that they were the same issues raised in his prior PCR petition that was settled by stipulation. The court explained that it could not address the other issues raised in petitioner's current PCR petition unless it set aside the stipulation that was reached to resolve the prior PCR petition raising the same issues. Accordingly, the court had to first consider the request to vacate or modify the prior stipulation.

The court held a trial on the merits. Petitioner testified his attorney told him that the state's attorney had offered a deal to take six years off of his maximum date so that he would be released in April 2017. He stated that he asked his attorney to get more, and then did not hear from the attorney. The attorney testified that although petitioner rejected the State's initial offer of a five-year reduction, petitioner agreed that six years would be acceptable. He disputed that he ever told petitioner what the effect of the deal would be on petitioner's release date. As the attorney explained he could not predict how the DOC would calculate the sentence. So, although he was sympathetic to petitioner's frustration that his sentence would not be reduced by a full six years, this was a result of the DOC's sentence calculation, not an infirmity in the deal that was reached.

Based on the evidence, the court found that petitioner's attorney did not tell petitioner what his specific release date would be and that petitioner authorized his attorney to settle his PCR by accepting a six-year sentence reduction. The court further found that the attorney failed to inform petitioner of the agreement and that it was upsetting to petitioner to first learn of the agreement when he received the DOC's sentence computation. In sum, the court found that the attorney represented petitioner in good faith and acted with apparent authority to settle the case. Therefore, the court denied petitioner's request to vacate the settlement and denied the PCR petition.

Petitioner appeals. In a PCR proceeding, the petitioner bears the burden of proving by a preponderance of the evidence that "fundamental errors rendered his conviction defective." In re Combs, 2011 VT 75, ¶ 9, 190 Vt. 559 (mem.) (quotation omitted). On appeal from denial of PCR relief, we review the court's findings for clear error, "and in the case of conflicting evidence, we will defer to the trial court's judgment." In re LaBounty, 2005 VT 6, ¶ 7, 177 Vt. 635 (mem.).

Petitioner first argues that the evidence does not support the court's findings that petitioner agreed to the terms of the stipulation and authorized his attorney to make the deal. Petitioner emphasizes that he did not personally sign the stipulation and that there is no documentation to demonstrate that he authorized his attorney to enter the stipulation.

We conclude that there was no error. "We review findings of fact in PCR appeals using a clearly erroneous standard." In re Combs, 2011 VT 75, ¶ 9. As long as the findings "are supported by any credible evidence, and even when the evidence is conflicting, we defer to the trial court's judgment." Id. Here, there was credible evidence in the record—the testimony of petitioner's second PCR attorney—to support the court's findings that petitioner agreed to the terms of the stipulation signed by his attorney and authorized his attorney to make the deal. The attorney testified on several occasions that petitioner agreed to the deal that he made with the state's attorney. Although petitioner asserts that this testimony was not credible, it was the trial court's responsibility to determine the credibility of the witnesses and to weigh the evidence. In

re Calderon, 2003 VT 94, ¶ 13, 176 Vt. 532 (mem.). We will not reweigh the evidence on appeal.

Petitioner next argues that the trial court erred in failing to address the additional claims asserted in his PCR petition. The State contends that the remaining claims are identical to those raised in his prior two PCR petitions and therefore that the court properly declined to address them as successive.

Under 13 V.S.A. § 7134, a petitioner is barred from relitigating "claims actually raised and decided on the merits in an earlier PCR." In re Laws, 2007 VT 54, ¶ 11, 182 Vt. 66. In addition, a petitioner may be barred from raising claims in a second or subsequent PCR, even if the exact claim was not previously adjudicated, if: the State pleads abuse of the writ, the petitioner fails to show cause or actual prejudice, and the court makes findings. Id. ¶ 22.

Here, it appears the court concluded that the claims asserted in this third PCR were identical to those raised in the second petition and resolved by the stipulation upheld by the court. Because the court entered a final judgment on those claims, petitioner was barred by res judicata from relitigating them in a new PCR action. At a hearing in this matter, the court explained that it would not address the claims unless it ultimately set aside the stipulation. We see no infirmity with the trial court's legal reasoning. However, because the record before us in this appeal does not include petitioner's second PCR petition, we have no basis for reviewing the trial court's ruling on this point, and it is unclear whether the second petition was part of the trial court record. Therefore, although we affirm the trial court's judgment with respect to petitioner's claim that he did not consent to the stipulation that settled his second PCR challenge, we reverse and remand for consideration of petitioner's remaining claims.

Reversed and remanded.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3