

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 351-7-19 Wncv

Edward Johnson,
    Plaintiff

v.

State of Vermont,
    Defendant

DECISION ON MOTION

## Cross-Motions for Summary Judgment

Petitioner Edward Johnson was charged with and convicted of two counts of lewd and lascivious conduct following a trial by jury and is currently serving the resulting sentence. Each count represented a separate incident in which he was alleged to have masturbated through his clothes in a different public location in front of a different unsuspecting female stranger. His trial counsel attempted to sever the counts (before trial and at the end of the State's case) to avoid juror confusion, but the trial judge was unpersuaded and both counts were heard together. His appellate counsel sought reversal on this basis on appeal, but the Vermont Supreme Court was unpersuaded and affirmed the conviction. In this postconviction review action, Mr. Johnson claims that his appellate counsel was constitutionally ineffective because, though she briefed the severance issue, she should have done so better. The parties have filed cross-motions for summary judgment addressing this issue.

A petitioner seeking postconviction relief has the burden of showing "by a preponderance of the evidence, that fundamental errors rendered his conviction defective." *In re Combs*, 2011 VT 75, ¶ 9, 190 Vt. 559 (citation omitted). The burden is a "heavy one." *In re Dunbar*, 162 Vt. 209, 212 (1994). The Vermont Supreme Court has described the general standard as follows:

> The appropriate standard for reviewing claims involving ineffective assistance of counsel is whether a lawyer exercised "that degree of care, skill, diligence and knowledge commonly possessed and exercised by reasonable, careful and prudent lawyers in the practice of law in this jurisdiction." To demonstrate ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that: (1) his counsel's performance fell below an objective standard of performance informed by prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the proceedings would have resulted in a different outcome. Unless petitioner is able to satisfy both prongs of the test, "it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." In making this showing, petitioner cannot rely on the

distorting effects of hindsight, and must surpass the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance.

*In re Grega*, 2003 VT 77, ¶ 7, 175 Vt. 631 (citations omitted); see also *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (noting that the *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims of ineffective assistance at the appellate stage in the same manner as at the trial stage). The prejudice component is further described as follows:

'A reasonable probability [of a different outcome] is a probability sufficient to undermine confidence in the outcome." The defendant is not required . . . to show that counsel's deficient performance 'more likely than not' altered the outcome of the case. . . . On the other hand, it is not enough for the defendant 'to show that the errors had some conceivable effect on the outcome of the proceeding.' Instead, counsel's errors must have been 'so serious as to deprive the defendant of a fair trial.' The likelihood of a different result must be substantial, not just conceivable.

Brian R. Means, Postconviction Remedies § 35:4 (footnotes omitted); see also *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (noting that the prejudice inquiry "focuses on the question whether counsel's deficient performance renders the result of the [criminal] trial unreliable or the proceeding fundamentally unfair").

"[T]he *Strickland* test presents a formidable obstacle to a defendant who asserts that counsel's failure to include a particular issue on appeal constituted ineffective assistance." Burkoff & Burkoff, Ineffective Assistance of Counsel § 9:14. This is because "the concept of effective trial strategy is highly subjective." *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983); see also *Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent.").

Mr. Johnson has an especially challenging burden in this case for he cannot claim that his appellate counsel failed to raise the severance issue; he is left to argue that appellate counsel should have done a better job of raising it. In the circumstances of this case, Mr. Johnson's claim is a clear example of the distorting effects of hindsight and is nowhere near sufficient to surpass the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. The transcript of the trial, appellate counsel's brief, and the Supreme Court's decision, all in the record, show that appellate counsel fully and fairly argued the severance issue to the Court, the Court understood the issue presented to it, and the Court addressed it fully and fairly. The Court ruled:

2

Defendant contends the court erred in denying a motion to sever the charges, initially raised before trial and later renewed during the course of trial. The applicable legal standards are well settled. Two or more offenses may be joined for trial if they "are of the same or similar character" or "are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." "Where the offenses are joined solely because they are of the same or similar character, a defendant is entitled to severance as a matter of right." "When the offenses are joined because they form part of a single scheme or plan . . . there is no absolute right to severance." "The defendant must instead show before trial that severance is appropriate or, at trial, necessary to 'a fair determination' of his 'guilt or innocence of each offense.'" In the latter case, it is the defendant's burden to provide the court with "substantial evidence of prejudice" to support a severance. "The decision is committed to the sound discretion of the trial court."

Defendant here does not claim that he was entitled to severance as a matter of right. Rather, he contends that severance was necessary for a fair determination of his guilt or innocence of the offenses, asserting that the complainants' stories were so similar that it was impossible for the jury to distinguish the two events, creating an unacceptable risk of spillover or accumulation of the evidence. He notes, for example, that the complainant from the first incident testified that she thought to herself, "You've got to be kidding me," when she saw defendant masturbating, and the second complainant exclaimed, "Are you kidding me?" when she observed defendant stimulating himself.

We have recognized that one factor a court may consider in deciding a severance motion is whether "in view of the number of offenses charged and the complexity of the evidence, the jury can distinguish the evidence and apply the law intelligently to each offense." In denying defendant's renewed motion here, the trial court specifically found that, "although there are similar traits, we think the jury could easily distinguish the facts in both cases because . . . there [are] significant differences in . . . the way the victims described the events."

We find no basis to disturb the trial court's ruling. Defendant was charged with only two counts, not a multiplicity of offenses, and the surrounding circumstances—although similar—were sufficiently distinct that the jury could readily distinguish the evidence as to each offense. Moreover, the trial court expressly instructed the jury to "consider the elements of each count individually," explaining that the State was required to prove the elements of each "specific count" beyond a reasonable doubt and that the jury's "verdict on one count has no bearing on the verdict on the other count." Accordingly, we find no error in the court's denial of the motion to sever.

3

*State v. Johnson*, No. 2010–480, 2011 WL 6003879, *1–2 (Nov. 9, 2011) (unpub. mem.) (citations omitted).

Mr. Johnson's argument is that appellate counsel could have expressly cited to some additional indications of potential confusion in the trial record—particularly a few misstatements by the prosecutor—but failed to do so. He relies on the affidavit of his own expert, attorney Sarah Star, for support. At most, the Star affidavit suggests that Mr. Johnson's appellate argument would have been better had it included more record citations to potential indications of confusion. Other than in the most conclusory fashion, it does not suggest that appellate counsel's brief failed to fully and fairly present the issue to the Court or imply that the Court somehow misunderstood appellate counsel's argument. This is insufficient to undermine the presumption in favor of appellate counsel's competence.

Additionally, given the Supreme Court's clear understanding of the issue presented to it and its unwavering resolution of it, there is no likelihood that even a much stronger argument on severance than presented by appellate counsel could have resulted in any different decision on appeal. In this regard, Mr. Johnson's only argument is this conclusory sentence in Ms. Star's affidavit: "[T]here is a reasonable probability that these errors resulted in an unfair and erroneous affirmation of the conviction on appeal." In the circumstances of this case, this conclusory statement is woefully insufficient to create any dispute of material fact on the issue of prejudice.

The State is entitled to judgment as a matter of law on Mr. Johnson's PCR claim.

Order

The State's motion for summary judgment is granted. Mr. Johnson's motion is denied.



Robert R. Bent,
Judge