VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-238



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2024

In re Brian Butler\*

}   APPEALED FROM:
}   Superior Court, Windsor Unit,
]   Civil Division
}   CASE NO. 36-1-20 Wrcv
Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Petitioner filed a petition for post-conviction relief (PCR), alleging ineffective assistance of trial counsel. Following a bench trial, the civil division found that trial counsel's performance did not fall below an objective standard of reasonable performance and entered judgment for the State. On appeal, petitioner argues that the trial court findings were inadequate and not supported by the evidence. We affirm.

The record indicates the following. In 2018, petitioner entered a plea agreement with the State to resolve several charges in four different dockets, including attempted first-degree murder and first-degree aggravated domestic assault as a habitual offender. Under the agreement, petitioner pleaded guilty to first-degree aggravated domestic assault as a habitual offender, two violations of conditions of release (VCRs), and second-degree aggravated domestic assault. In exchange, the State dismissed five charges, including attempted first-degree murder and aggravated sexual assault. Although the aggravated sexual assault was dismissed, the parties agreed that the State could prove the facts of the sexual assault at sentencing but made no mention about whether it could introduce evidence of the other dismissed charges. The plea agreement included a detailed factual basis for each guilty plea. The first-degree aggravated domestic-assault charge was based on petitioner's assault of the victim, who was his former girlfriend. The factual recitation provided the following. Petitioner entered the victim's home with a hunting knife and stabbed her once in the lower-left abdomen, and thrust toward her abdomen again. The victim raised her left hand in a defensive posture and the knife penetrated her left hand. The victim had a through-and-through stab wound to the left lobe of her liver, a stab wound through the gastrohepatic ligament, 1.5 liters of blood loss, and a deep laceration in her left hand. Petitioner acted with reckless disregard for the substantial risk that the stabbing would cause serious bodily injury.

At the sentencing hearing, the prosecutor stated that he intended to prove that petitioner stabbed the victim with the premeditated intent of killing her. The victim testified that petitioner "got four really good shots in my belly and then one here in my hand." The victim further stated

that petitioner made four thrusts to her belly and one to her hand. Petitioner's trial counsel did not cross-examine the victim regarding the specifics of her wounds or the number of thrusts or stabs to her abdomen. Petitioner's counsel instead focused on presenting the sentencing court with positive mitigating factors, including petitioner's traumatic experiences in the military, alcoholism, post-traumatic stress disorder, and lack of access to programming. Petitioner argued for a sentence of ten-to-twenty years, all suspended except five years to serve. Ultimately, the court sentenced petitioner to twenty-eight years to life on the first-degree aggravated domestic assault charge, finding among other things that the State proved that petitioner had the requisite premeditated intent to kill and had "plunged the knife into" the victim five times.

In 2020, petitioner filed a PCR petition alleging that his trial attorney rendered ineffective assistance at the sentencing hearing by not cross-examining the witness regarding the number of stab wounds. Petitioner alleged that if the sentencing court had instead been presented with evidence that there were just two stab wounds, this would have decreased petitioner's sentence. At the PCR hearing, petitioner's expert opined that counsel's performance fell below the standard of care by failing to challenge the victim's testimony about the number of stabbings. Petitioner's trial counsel also testified and explained that he chose not to cross-examine the victim because the victim was very emotional on the stand, and he did not think it would benefit petitioner to focus on the number of stabbings. He explained that he did not think the number of stabbings was the important factor to the sentencing court and decided to focus on mitigating factors instead. Although not pled in his complaint, petitioner also argued that counsel was ineffective for failing to object to the State's introduction of facts beyond those contained in the plea agreement.

The PCR court concluded that the State was not restricted by the plea agreement from presenting facts not recited in the factual basis, and that counsel did not render ineffective assistance by failing to object to the State's presentation of evidence. The PCR court also concluded that trial counsel's decision not to cross-examine the victim fell within the broad discretion afforded to defense counsel in matters of trial strategy. Petitioner appeals.

To succeed on a PCR petition based on ineffective assistance of trial counsel, petitioner "must show by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms." In re Dunbar, 162 Vt. 209, 212 (1994). Once the burden is met, petitioner must also demonstrate that the negative performance prejudiced the defense. Id. "Trial counsel are permitted a great deal of discretion in decisions regarding trial strategy, and even the failure of that strategy is not the standard by which a reviewing court will measure trial counsel's competence." Id.

On appeal, petitioner first argues that the decision must be reversed because the PCR court did not explain why it was not persuaded by his expert's testimony, which was uncontradicted. We defer to the PCR court's determinations regarding the weight and credibility of the evidence. In re Combs, 2011 VT 75, ¶ 9, 190 Vt. 559 (mem.) ("We will not disturb the findings if they are supported by any credible evidence, and even when the evidence is conflicting, we defer to the trial court's judgment."). Moreover, trial counsel is afforded discretion in decisions regarding trial strategy and there is a presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." Id. ¶ 10 (quotation omitted). Here, the PCR court was not obligated to accept the opinion of petitioner's expert and it provided a sufficient explanation for why it was not persuaded by the expert's opinion. The PCR court found that it was within the range of competence for trial counsel to focus on the positive mitigating factors instead of highlighting the details of the attack by cross-examining an

emotional witness.  See In re Pernicka, 147 Vt. 180, 184 (1986) (concluded that there was no ineffective assistance of counsel where attorney failed to object to hearsay evidence regarding abusive behavior due to strategy instead of "convincing the sentencing court of his remorse and efforts toward rehabilitation").

Petitioner also argues that the PCR court made clearly erroneous findings about what the plea agreement allowed regarding the scope of evidence the sentencing court could consider. The plea agreement set forth a factual basis for the plea.  It did not, however, restrict the State from introducing additional facts at sentencing consistent with Vermont Rule of Criminal Procedure 32.  Petitioner claims that there was an implied restriction in the plea agreement and trial counsel was ineffective for failing to challenge admission of the evidence on this basis.  The PCR court concluded that the plea agreement did not expressly or impliedly restrict the State or the court from considering facts outside of those recited in the plea agreement, and therefore counsel acted within the range of reasonable performance by failing to object on this basis.

We agree.  The plea agreement contained no restriction on introduction of evidence not recited in the plea agreement.  Contrary to petitioner's assertion, the absence of an allowance does not equate to restriction.  Because there was no such limitation, failure to object to the introduction of evidence on that basis was not ineffective assistance.[*]

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

---

[*] Because we conclude that this argument lacks merit, we do not reach the State's contention that petitioner did not properly raise or preserve this argument below.