2004 VT 66

### In re Andres TORRES

[861 A.2d 1055]

No. 03-242

¶ 1. August 6, 2004. Defendant Andres Torres appeals from a summary judgment order of the Chittenden County Superior Court denying his claim for post-conviction relief from a second degree aggravated domestic assault conviction under 13 V.S.A. § 1044(a)(2). Defendant claims that the statute's language requires a prior domestic assault conviction, and that, because he had no prior domestic assault conviction, his conviction for second degree domestic assault must be dismissed. We conclude that defendant waived his right to challenge his conviction on this ground when he pled guilty to the domestic assault charge. Nevertheless, because we also conclude that defendant's statutory interpretation is correct, we remand the case for consideration of defendant's ineffective assistance of counsel claim.

¶ 2. On August 26, 1996, the State charged defendant with, among other crimes, four counts of second degree aggravated domestic assault, each for a separate incident on a separate day of the same week. Pursuant to 13 V.S.A. § 1044(a)(2), "[a] person commits the crime of second degree aggravated domestic assault if the person ... commits a second or subsequent offense of domestic assault, which causes bodily injury." Second degree aggravated domestic assault holds an enhanced sentence of a maximum of five years in prison or a maximum $10,000.00 fine. *Id.*; cf. 13 V.S.A. § 1042 (penalty for domestic assault is a maximum one year in prison or a maximum $5,000.00 fine).

¶ 3. The State's information alleged defendant caused bodily harm to a household member and that defendant had been previously convicted of domestic assault on December 21, 1995. Contrary to this allegation, defendant was not convicted of domestic assault in 1995 — he was merely arraigned for domestic assault charges that were subsequently dismissed on March 11, 1996. Nonetheless, under a plea agreement with the State, in return for dismissal of three of the second degree aggravated domestic assault charges, defendant pled guilty to the fourth charge. Defendant was sentenced to three to five years in prison to be served concurrently with another sentence.

¶ 4. In July 2000, defendant filed a pro se petition for post-conviction relief (PCR) in Chittenden County Superior Court claiming that his attorney at the plea hearing rendered ineffective assistance of counsel and requesting that his conviction under § 1044(a)(2) be dismissed. In his petition, defendant asserted that a person cannot be convicted under § 1044(a)(2) unless that person has a prior domestic assault conviction. Defendant claimed his attorney failed to investigate the factual basis of his prior domestic assault charge and should never have advised him to plead guilty to that charge. With the help of appointed counsel, defendant later amended his petition, adding a claim that his enhanced sentence was unlawful because he had no prior domestic assault conviction.

¶ 5. The State moved for summary judgment, arguing that defendant waived his right to claim the prior conviction was nonexistent when he pled guilty. Further, the State argued that even if defendant's claim had merit, the plain language of § 1044(a)(2) merely required defendant to

have committed a prior domestic assault "offense" — not a conviction for that offense — to be charged under the statute. The State suggested the Legislature intentionally distinguished between the term "offense" in § 1044(a)(2) and the term "conviction" in § 1043(a)(3), the statute defining the more serious crime of first degree aggravated domestic assault.

¶ 6. Without reaching defendant's ineffective assistance of counsel claim, the superior court granted the State's motion for summary judgment, holding that "[t]he plain language of the Second Degree Aggravated Domestic Assault statute .... does not require ... a prior conviction." This appeal followed.

¶ 7. Before turning to the merits, we note that after oral argument before this Court the State made a timely motion that we take judicial notice of defendant's plea hearing transcript. We grant the State's motion because review of the transcript is necessary to properly resolve this case. This Court is permitted to take judicial notice of facts "not subject to reasonable dispute" when those facts are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." V.R.E. 201(b)(1)-(2). The transcript at issue is exactly the type of document subject to judicial notice under our rules because it is an accurate record of sworn plea colloquy testimony. Furthermore, questions regarding the validity of defendant's conviction — the very conviction on appeal before this Court — are accurately and readily resolved by reading the plea hearing transcript.

¶ 8. Defendant opposes the State's motion and in doing so mistakenly relies on *Jakab v. Jakab*, 163 Vt. 575, 664 A.2d 261 (1995), to claim the plea hearing transcript is not subject to judicial notice. In *Jakab*, we noted that "[i]t is improper to judicially notice the content of testimony in *another proceeding.*" *Id.* at 579,

664 A.2d at 263 (emphasis added). In that case, we affirmed a trial court's refusal to take judicial notice of a child's testimony from a previous abuse case in the divorce case pending before that court. *Id.* at 577-79, 664 A.2d at 262-63. Here, however, the transcript is part of the same proceeding. We note that the court must, in a PCR proceeding, review "the files and records of the case" to determine if there could be any merit to the proceeding. See 13 V.S.A. § 7133. The PCR proceeding and the underlying criminal case, the case referred to in the statute, are parts of the same "case" for purposes of the record. The conviction on appeal before us stems from defendant's plea, which is the subject matter of the plea colloquy. Thus, judicial notice is proper and we grant the State's motion.

¶ 9. Turning to the post-conviction claim on appeal, we hold that defendant waived his right to challenge his conviction under 13 V.S.A. § 1044(a)(2) when he pled guilty. "It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003); see also *State v. Armstrong*, 148 Vt. 344, 346, 533 A.2d 1183, 1184 (1987) ("A voluntary plea of guilty waives all nonjurisdictional defects in the proceedings leading up to the plea ....."). Nevertheless, we recognize the limited exceptions to the waiver rule inherent in the requirement that pleas be made "knowingly and voluntarily." E.g., *State v. Cleary*, 2003 VT 9, ¶ 10, 175 Vt. 142, 824 A.2d 509 (appeal of competency determination is exception to waiver rule); *State v. Merchant*, 173 Vt. 249, 258, 790 A.2d 386, 393 (2001) (citing *Mitchell v. United States*, 526 U.S. 314, 325-29 (1999) (defendants who enter guilty pleas retain self-incrimination rights at sentencing to prevent involuntary pleas)); *United States v. Taylor*, 139 F.3d 924, 929 (D.C. Cir. 1998) (same); *United*

*States v. Schuman,* 127 F.3d 815, 818-19 (9th Cir. 1997) (Kozinski, J., concurring) (listing issues that a defendant who waives his right to appeal will nevertheless be allowed to appeal). Defendants who plead guilty upon the advice of counsel, for example, "'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [they] received from counsel'" constituted ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)); *United States v. Muench,* 694 F.2d 28, 34 (2d Cir. 1982) (allowing direct appeal challenging effective assistance of counsel, notwithstanding waiver rule).

¶ 10. Defendant's plea colloquy verifies that he voluntarily entered into the plea agreement:

> COURT: Are you pleading guilty voluntarily to these [charges] because you feel you've committed these offenses?
> DEFENDANT: Yes I am.
> COURT: Have you discussed these matters fully with your attorney?
> DEFENDANT: Yes.
> COURT: Are you satisfied your attorney has done all he can for you?
> DEFENDANT: Yes.
> COURT: Are you in good mental and physical health today?
> DEFENDANT: Today, yes.

Furthermore, the colloquy indicates defendant understood the rights he was waiving by pleading guilty to the charges against him:

> COURT: And do you understand that if you plead guilty to these charges, you're giving up your right to a trial by jury?
> DEFENDANT: Yes I do.

> COURT: If that trial were held, the State would have to prove beyond a reasonable doubt that you committed ∴ . . the domestic assault . . . .
> DEFENDANT: I understand.
> . . . .
> COURT: If the trial were held you could see and hear the State's witnesses against you who would be sworn because the State has to prove beyond a reasonable doubt that you committed each of these offenses. You could be represented by your attorney at the trials. You could not be required to be a witness at these trials because you have the right against self-incrimination. You could testify if you wished to if you waived that right. You could call witnesses if you wished to and you could use the Court's subpoena power to have those witnesses attend although they might not want to come voluntarily. You could appeal from the trial if you felt there were some errors and you could be represented by your attorney throughout the trial and throughout the appeals. Do you understand all those rights?
> DEFENDANT: Yes I do.
> COURT: And do you understand that you give them up when you plead guilty?
> DEFENDANT: Yes.

¶ 11. From this colloquy, we conclude defendant entered his plea agreement voluntarily and understood that he was giving up appeal rights by pleading. Therefore, he may not challenge his conviction now on grounds that he has never been convicted of a domestic assault, and thus cannot be guilty of committing a

"second or subsequent offense" of domestic assault under 13 V.S.A. § 1044(a)(2).

¶ 12. Defendant is not, however, without other rights to challenge his conviction. As noted, defendant premised his ineffective assistance of counsel claim on his assertion that 13 V.S.A. § 1044(a)(2) requires a prior domestic assault conviction and that his attorney failed to ascertain the factual basis of any prior conviction. Although the statute's pertinent language does not employ the word "conviction," there is no question that to qualify for enhanced punishment under the "second or subsequent offense" provision, 13 V.S.A. § 1044(a)(2), defendant must have a prior domestic assault conviction.

¶ 13. Vermont's domestic assault statute includes a specific recidivist provision, which requires increasingly harsher punishments for repeat offenders.* Simple domestic assault under 13 V.S.A. § 1042 is increased to second degree aggravated domestic assault if the person "commits a *second or subsequent offense* of domestic assault, which causes bodily injury." *Id.* § 1044(a)(2) (emphasis added). An assault will be increased to first degree aggravated domestic assault if the person "commits the crime of domestic assault and has been *previously convicted* of aggravated domestic as-

---

\* For more examples of specific repeat offender statutes, as opposed to general repeat offender statutes, compare 13 V.S.A. § 11 (habitual criminals); *id.* § 11a (violent career criminals) with *id.* § 1027(a) (previous conviction of disturbing peace by use of telephone); *id.* § 1028(2) (second or subsequent offense of assault of law enforcement officer); *id.* § 1028a(a) (same, assault on correctional officer); *id.* § 1030(b) (second or subsequent offense of violation of abuse order); *id.* § 1063(a)(2)-(3) (prior conviction of aggravated stalking).

sault." *Id.* § 1043(a)(3) (emphasis added). Both the State and trial court apply the plain language of the statutes to conclude that a prior conviction is necessary only for first degree domestic assault. We disagree.

¶ 14. The phrase "second or subsequent offense" is common in habitual offender and specific recidivist statutes. See, e.g., *Deal v. United States*, 508 U.S. 129 137-38 (1993) (Stevens, J., dissenting) ("Congress uses the terms 'subsequent offense,' 'second or subsequent offense,' and 'second or subsequent conviction' in various sections of the Criminal Code, all to authorize enhanced sentences for repeat offenders."). In such a context, the uniform rule has long been that the term "offense" assumes a prior conviction. *Id.* at 135. As the Supreme Court held in *Deal*, " '[i]t cannot legally be known that an offense has been committed until there has been a conviction.'" *Id.* (quoting *Gonzalez v. United States*, 224 F.2d 431, 434 (1st Cir. 1955)); accord Black's Law Dictionary 1110 (7th ed. 1999) (defining "second offense" as an "offense committed after conviction for a first offense").

¶ 15. Since it is undisputed that defendant has never been convicted of domestic abuse at any time, and thus cannot be guilty under 13 V.S.A. § 1044(a)(2), we remand for further proceedings on defendant's ineffective assistance of counsel claim. See *Dretke v. Haley*, 541 U.S. 386, 387, 124 S. Ct. 1847, 1848-49 (2004) (denying habeas corpus petition seeking to overturn an enhanced sentence imposed in violation of habitual offender statute, but vacating and remanding since petitioner's ineffective assistance of counsel claim "would give respondent all of the relief that he seeks, *i.e,.* resentencing").

*Reversed and remanded.*