Vermont Superior Court
Filed 04/19/21
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 165-4-20 Wncv

---

**Lewis vs. Law Offices of William W. Cobb**

---

# ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment; Motion to Dismiss MotionName          for
Summary Judgment
Motion#          13; Third-Party Defendant's Motion to Dismiss Cobb's claims. (Motion: 13; 20)
Filer:          William W. Cobb; Sandra A. StrempelAnne Rosenblum
Filed Date:     January 15, 2021; March 12, 2021

The motion is GRANTED IN PART and DENIED IN PART.

*Lewis v. Cobb*, 165-4-20 Wncv

Mr. Cobb's Motion for Summary Judgment

Mr. Appel's Motion to Dismiss

In this case, Plaintiff Michael Lewis asserts legal malpractice and breach of contract against Defendant William Cobb, an attorney who represented Mr. Lewis in a post-conviction relief (PCR) proceeding. After Mr. Lewis sued Mr. Cobb, Mr. Cobb impleaded Mr. Robert Appel, Mr. Lewis's successor counsel in the PCR case. In this case, both Mr. Lewis and Mr. Cobb are unrepresented. Mr. Appel is represented by Sandra Strempel, Esq. Mr. Cobb has filed a motion for summary judgment addressing all claims against him. Mr. Appel has filed a motion to dismiss, arguing that he has been brought into this case improperly.

*Factual background*

In 2009, Mr. Lewis pleaded guilty to 2 counts of manslaughter and 5 counts of gross negligent operation with serious bodily injury resulting. His sentence maximum was enhanced to life under Vermont's habitual offender statute, which requires 3 predicate felony convictions. 13 V.S.A. § 11. In total, he was sentenced to 22 years to life, to serve. He subsequently filed a PCR petition attempting to

challenge 3 of the 4 predicate felonies as a collateral attack on the habitual offender enhancement.[1]  In the PCR petition, which he filed pro se, he claimed that 3 of the predicate convictions violated criminal rule 11(f) standards.  He also asserted that 3 of the convictions violated his right to the effective assistance of counsel.

The pleaded ineffective assistance counts were as follows.  For two felony escape convictions, he alleged that he repeatedly asked his criminal counsel whether they would count as predicate offenses under the habitual offender statute if he were ever in the future to be convicted of additional felonies.  He alleged that his criminal counsel repeatedly told him no, that only violent felonies count for habitual offender purposes.  In reality, the habitual offender statute makes no distinctions based on the character of predicate felonies—they all count.  Mr. Lewis claims that he only pleaded guilty to those charges because he was misled by his criminal counsel's bad advice.

Another predicate was false pretenses.  Mr. Lewis alleged that the complaining witness had completely recanted her story, Mr. Lewis so advised his criminal counsel, and his criminal counsel failed to conduct any investigation into the matter whatsoever.

After filing his PCR petition, and pursuing it pro se for a time, Mr. Lewis came to be represented by Attorney Mark Furlan.  While represented by Mr. Furlan, Mr. Lewis drafted his own motion for summary judgment and filed it with the court.  That motion addressed the Rule 11(f) claims and not the ineffective assistance claims.  Mr. Furlan then withdrew, and Mr. Lewis again represented himself for a time.  Later, with his motion for summary judgment still pending, Mr. Lewis engaged Mr. Cobb, who began representing him in the PCR case.  Mr. Cobb amended the complaint drafted by Mr. Lewis twice.  The second amendment eliminated the ineffective assistance claims.  A new summary judgment motion then was filed, and the original one eventually was withdrawn.  Mr. Lewis then terminated Mr. Cobb and hired Attorney Appel to represent him.

The PCR court eventually granted summary judgment to Mr. Lewis on one Rule 11(f) claim only.  Attorney Appel then sought an evidentiary hearing on the ineffective assistance claims.  The PCR court

---

[1] The filings in the PCR case are confusing as to what Mr. Lewis was attempting to achieve.  In places, he seeks to *vacate* the predicate offenses which, if successful, presumably would result in a remand for further proceedings on the criminal charge in the criminal court.  In others, he seeks to invalidate the predicates solely to establish a basis for vacating the habitual offender sentence pending resentencing on the 2009 conviction without the enhancement.  It is unnecessary to sort out the details now, but for purposes of this decision, the court presumes that Mr. Lewis was not in custody under sentence for the predicate offenses at the time of the PCR case, and he therefore was properly seeking solely to invalidate the predicates as a collateral challenge to the habitual offender enhancement.  See *In re Collette*, 2008 VT 136, ¶ 5, 185 Vt. 210.  Though also unnecessary to address at this time, it is further unclear whether the PCR challenge to the predicates was properly permitted at all under *In re Torres*, 2004 VT 66, 177 Vt. 507 and *In re Gay*, 2019 VT 67.  Neither of which have ever been reversed.  See *In re Benoit*, 2020 VT 58, ¶¶ 21–22 (applying *Gay*).

declined the request because the operative complaint included no ineffective assistance claims, and Attorney Appel had never sought to reintroduce them into the case. Still represented by Attorney Appel, Mr. Lewis then appealed. The appeal remains pending before the Vermont Supreme Court. Mr. Lewis has not otherwise attempted to refile his ineffective assistance claims.

Mr. Lewis claims that Mr. Cobb's representation was negligent insofar as he (1) inexplicably dropped the ineffective assistance claims; (2) became elected as a probate judge and thus came to have a conflict of interest; and (3) granted extensions of time to the State without Mr. Lewis's express permission. Mr. Lewis also claims breach of contract. The thrust of the contract claim is that, after paying Mr. Cobb a flat fee of $3,000, Mr. Cobb indicated that he would hire a separate "appellate guy" if Mr. Lewis paid him an additional $1,000. Mr. Lewis alleges that on that basis he paid Mr. Cobb $100 yet Mr. Cobb never hired an appellate guy and never returned the partial payment.

Mr. Cobb denies any liability in this case. However, he has impleaded Mr. Appel on the theory that if Mr. Lewis is able to establish that dropping the ineffective assistance claims was malpractice, then the liability should be Mr. Appel's because, as successor counsel, he should have raised those very claims.

In his summary judgment motion, Mr. Cobb argues that dropping the ineffective assistance claims was not negligent because he investigated those claims, concluded they were meritless, and Mr. Lewis agreed that they should be dropped. He further argues that his election as a probate judge did not disqualify him from representing Mr. Lewis or create any conflict of any consequence, Mr. Lewis agreed to pay the additional $1,000 because the scope of the case had expanded, not because of any promise related to an appellate guy, and Mr. Lewis consented to voluntary extensions of time granted to the State.

In his dismissal motion, Mr. Appel argues that Mr. Cobb's claim against him improperly asserts implied indemnification, which these circumstances cannot support.

*Analysis*

*Mr. Cobb's summary judgment motion*

To understand Mr. Lewis's principal malpractice claim, that Mr. Cobb should not have dropped the ineffective assistance claims, it is necessary to understand the basic law applicable to a claim of legal malpractice, which neither party has addressed in any detail. The Vermont Supreme Court has generally

summarized:

> In a legal malpractice action, a plaintiff must prove that the attorney was in fact negligent and that this negligence was the proximate cause of the plaintiff's injury. Generally, negligence by professionals is demonstrated using expert testimony to: (1) describe the proper standard of skill and care for that profession, (2) show that the defendant's conduct departed from that standard of care, and (3) show that this conduct was the proximate cause of plaintiff's harm.  If the alleged negligent conduct is a matter of judgment unique to that profession, the above elements must be established by expert testimony to assist the trier of fact in determining negligence.

*Estate of Fleming v. Nicholson*, 168 Vt. 495, 497 (1998); see also *Sachs v. Downs Rachlin Martin PLLC*, 2017 VT 100, ¶ 17, 206 Vt. 157 (noting that the plaintiff also must prove that the injury caused damages); *Roberts v. Chimileski*, 2003 VT 10, ¶ 15, 175 Vt. 480 (noting that the plaintiff must prove cause-in-fact as well as proximate cause).  Under the judgmental immunity doctrine, lawyers generally are not liable for errors in judgment as to an "unsettled proposition of law." *Chimileski*, 2003 VT 10, ¶ 19.  In this context, as elsewhere, speculation is insufficient. *Hedges v. Durrance*, 2003 VT 63, ¶ 12, 175 Vt. 588 ("An injury based on speculation . . . is no injury at all.").

"The plaintiff has the burden of showing all elements of a legal malpractice case, including damages." *Vincent v. DeVries*, 2013 VT 34, ¶ 28, 193 Vt. 574.  Because the defendant does not have the ultimate burden of persuasion, on summary judgment, a defendant can satisfy his "burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case.  The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." *Clayton v. Unsworth*, 2010 VT 84, ¶ 16, 188 Vt. 432 (quoting *Ross v. Times Mirror, Inc.*, 164 Vt. 13, 18 (1995)).

Mr. Lewis has not articulated his principal malpractice claim in detail.  He clearly asserts that Mr. Cobb breached the standard of care by withdrawing his ineffective assistance claims.  He appears then to assume that those ineffective assistance claims would have been successful in the PCR court.  The record does not indicate how he might go about proving that.  Doing so would be necessary to causation for the malpractice claim, however.  This presents what often is referred to as a case-within-a-case problem.  See 4 Ronald E. Mallen, Legal Malpractice § 37:1 (discussing the case-within-a-case dynamic of certain legal malpractice claims).  To prove legal malpractice (case 1), he will need to prove that he would have succeeded with his ineffective assistance claims in his PCR case (case 2).

On summary judgment, Mr. Cobb does not raise any of the complex causation issues in this case, however.  He solely argues that he was not negligent, that he looked into Mr. Lewis's ineffective

assistance claims, concluded that they were meritless, and then dropped them for that reason with Mr. Lewis's assent. In other words, he addresses the breach element of the negligence claim exclusively. He does not address causation, injury, and damages.

The record is insufficient for the court to analyze whether Mr. Cobb negligently dropped the ineffective assistance claims. Despite the voluminous record, neither party produced evidence that would enable the court to analyze the substance of those claims and whether withdrawing them may have been negligent. The record simply includes Mr. Lewis's unsworn allegations regarding those claims, Mr. Cobb's general assertions that he looked into them, and nothing else. Mr. Lewis has the ultimate burden of proof of these issues, and thus Mr. Cobb could have more clearly asserted an absence of evidence in the record, thus shifting the burden of production to Mr. Lewis, who then would have had to come forward with sufficient evidence of a triable issue to avoid summary judgment. However, Mr. Cobb did not do that, and Mr. Lewis clearly did not understand that he had any need to satisfy any burden himself.

The court notes that, though the record is voluminous, most of it is contextual at best where it is relevant at all. Neither Mr. Cobb nor Mr. Lewis filed an affidavit. The factual allegations in Mr. Cobb's statement of undisputed facts that are most on point to the ineffective assistance claims are some of the only ones that do not cite to any evidence in the record. See Mr. Cobb's Statement of Undisputed Facts at ¶¶ 19, 29, 30. For his part, Mr. Lewis makes myriad factual allegations throughout his briefing that are completely unsupported by record evidence. Under Rule 56, allegations of the material facts must be included in the statements of fact and must be accompanied by citations to supporting, admissible evidence in the record. V.R.C.P. 56(c)(1). The court has no obligation to scour the record looking for evidence in support of or opposition to summary judgment or to permit the parties to ignore procedural requirements.

Mr. Cobb's motion for summary judgment is denied as to whether dropping the ineffective assistance claims violated the standard of care. The record is simply insufficient to determine that issue either way.

Summary judgment is granted to Mr. Cobb on Mr. Lewis's claims that being elected a probate judge somehow created a conflict of interest and that Mr. Cobb was required to get Mr. Lewis's express assent when agreeing to mundane continuances. Nowhere in the voluminous record is there anything to indicate in any way that either issue could represent a breach of Mr. Cobb's professional duties causing any harm or damages to Mr. Lewis. An elected probate judge is not barred under all circumstances from representing clients and being a probate judge does not automatically make that judge biased in favor of the State when representing a petitioner in a PCR case. The agreements to continuances were minor professional courtesies; nothing more.

Summary judgment is denied on Mr. Lewis's breach of contract claim. The record largely does not address it. All that can be gleaned from the evidence is that Mr. Lewis alleges that he paid the first $100 on a larger $1,000 fee that expressly was agreed to pay for an appellate guy, and Mr. Cobb alleges that it was simply additional funding for his services when the scope of the case expanded.

*Mr. Appel's motion to dismiss*

Mr. Cobb impleaded Mr. Appel on the theory that if Mr. Lewis can prove that Mr. Cobb negligently dropped the ineffective assistance claims, then Mr. Appel, as successor counsel, should instead be liable for not having revived those claims once Mr. Appel came into the case. Mr. Appel characterizes this as a claim of implied indemnification. Whether it is better characterized as that or a claim of contribution, the result is the same. Vermont law bars contribution among joint tortfeasors. See *Howard v. Spafford*, 132 Vt. 434, 435 (1974). Implied indemnification, the exception to that rule, shifts the loss to the one with active fault, but typically only in the context of vicarious or secondary liability, not where the proposed indemnitee had any active fault. *Knisely v. C. Vermont Hosp.*, 171 Vt. 644, 646 (2000). In this case, under either theory, proof that Mr. Appel was negligent would not demonstrate any basis for implied indemnity. Mr. Appel's motion to dismiss is granted.

The court notes, however, that Mr. Lewis claims that he terminated Mr. Cobb because Mr. Cobb dropped the ineffective assistance claims, but neither Mr. Lewis nor Mr. Appel ever reasserted them thereafter. These facts may present difficult issues of causation and mitigation with regard to the surviving malpractice claim against Mr. Cobb.

*Summary*

To summarize, Mr. Appel is dismissed from this case. Mr. Lewis's negligence claims relating to Mr. Cobb's election as a probate judge and agreements to continuances are dismissed. Remaining in the case are Mr. Lewis's negligence claim related to dropping the ineffective assistance claims from the PCR case and the $100 breach of contract claim.

ORDER

For the foregoing reasons, Mr. Cobb's motion for summary judgment is granted in part and denied in part.  Mr. Appel's motion to dismiss is granted.

Robert R. Bent,
Judge