Vermont Superior Court
Filed 07/29/21
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 165-4-20 Wncv

---

**Lewis vs. Law Offices of William W. Cobb**

---

# ENTRY REGARDING MOTION

Title: Motion for Summary Judgment Motion for Summary Judgment (Motion: 22)
Filer: William W. Cobb
Filed Date: May 05, 2021

The motion is GRANTED.

*Lewis v. Cobb*, 165-4-20 Wncv

Mr. Cobb's Second Motion for Summary Judgment

Defendant William Cobb, Esq., pro se here, has filed a second summary judgment motion in this legal malpractice case filed against him by a former client, Plaintiff Michael Lewis.  Mr. Cobb represented Mr. Lewis for a portion of the trial court proceedings of a post-conviction relief case that Mr. Lewis had filed and litigated pro se prior to hiring Mr. Cobb.  In the course of the PCR case, Mr. Cobb amended the petition twice, and in doing so dropped ineffective assistance of counsel claims that Mr. Lewis had asserted to attack predicate offenses used against him to support a habitual offender enhancement in his 2009 convictions.  The amended complaint focused on Rule 11 claims instead.

In the previous summary judgment round, the court determined that (1) the facts were disputed or the record insufficient as to whether Mr. Cobb was negligent in dropping the ineffective assistance claims insofar as they would have been meritless in substance or Mr. Lewis had agreed to do so; (2) the facts were disputed as to Mr. Lewis's $100 contract claim regarding hiring an "appellate guy"; and (3) all other claims lacked merit.

Mr. Lewis had pleaded guilty to the 2009 offenses for which the predicates were used against him, but in his first summary judgment motion Mr. Cobb had not argued that Mr. Lewis had thus waived the opportunity to attack them in the PCR proceeding, and thus dropping them from the PCR petition

could not amount to negligence. In his current motion, Mr. Cobb argues exactly that. He further argues that, regardless, Mr. Lewis cannot prove causation because neither Mr. Lewis nor successor counsel, Robert Appel, in the PCR case ever reintroduced the dropped ineffective assistance claims in the PCR case, and neither has attempted to raise them in a new PCR case either, interrupting the chain of causation. Finally, Mr. Cobb argues that Mr. Lewis has failed to support his malpractice claim with an expert opinion.

Mr. Cobb has not attempted to address Mr. Lewis's $100 contract claim in the second summary judgment motion. That claim thus remains viable regardless of this decision.

Mr. Lewis's legal malpractice claim against Mr. Cobb is not viable as a matter of law because his attempt at attacking the predicate offenses of his habitual offender enhancement in his PCR case was not viable. He had waived the ability to do that by pleading guilty to his 2009 charges and the enhancement without expressly preserving any further right to challenge the predicates in a PCR case. See *In re Benoit*, 2020 VT 58, ¶¶ 16–21; *In re Gay*, 2019 VT 67, ¶¶ 10–12, 211 Vt. 122; *In re Torres*, 2004 VT 66, ¶ 9, 177 Vt. 507 ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." (citation omitted)). The Supreme Court has so ruled on review of the very PCR case at issue here, though addressing a different challenge to a predicate. *In re Lewis*, 2021 VT 24, ¶ 7. Because Mr. Lewis's attempted collateral attacks on the predicates in the PCR case had been waived, Mr. Cobb could not have been negligent for dropping them from the case, even if he did so for other reasons (including his determination that they were meritless). Doing so could not have harmed Mr. Lewis.

On this record, it is unnecessary to address Mr. Cobb's arguments with regard to causation and expert support in detail. The court notes, however, that Mr. Lewis offers virtually no explanation for having not reintroduced his ineffective assistance claims in his PCR case or ever having attempted to assert them in a new PCR proceeding.

As for expert support, in opposition to summary judgment, Mr. Lewis offers a report from Attorney Robert Sussman in which he concludes that one or more of the predicates—assuming without further evidence or explanation the truth of Mr. Lewis's version of the facts related to the predicates— may have been susceptible to collateral attack.[1] As for the waiver case law described above that

---

[1] The record of this case, including Attorney Sussman's report, lacks any reasonable showing whatsoever that any of the predicate convictions were the result of ineffective assistance. At best, the record includes some extremely vague allegations by Mr. Lewis that he received and relied on improbably bad legal advice in pleading guilty to the predicates (including that felony convictions would not apply to the potential, future application of the habitual offender statute, which is predicated on felony convictions), and Attorney Sussman simply assumes the truth of those allegations in his report without any sort of accompanying evidence as to whether what actually occurred, in context, possibly could have amounted to ineffective assistance. Attorney Sussman describes what documents he reviewed in preparing his report, and those documents do not imply that he ever undertook any independent

forecloses any such effort, he dismisses it as a "change in the law" that somehow is irrelevant without explanation. See Report of Robert Sussman at 5 n.2 (dated June 23, 2021). But there was no "inapposite" change in the law and the waiver case law plainly applies. The Vermont Supreme Court has never said there is any relevant change in the law in this area, and it has explained that the thrust of the two lines of cases to which Mr. Sussman refers "do not necessarily conflict," *Benoit*, 2020 VT 58, ¶ 17, and the court's clarification that a defendant may expressly limit the scope of the plea to permit the subsequent PCR "does not rescue petitioner from our holding in *Gay*," *id*. ¶ 21. A defendant was as free to preserve the ability to challenge the predicate in a separate PCR proceeding prior to *Benoit* as after. There is no change in the law.

In opposition to summary judgment, Mr. Lewis argues at length that Mr. Cobb was negligent in the PCR case for failing to have collaterally attacked the 2009 convictions directly on the basis of ineffective assistance of his defense counsel in those proceedings (as opposed to challenging the effectiveness of defense counsel in the cases used as predicates in 2009). As far the record of this case goes, this was *never* one of Mr. Lewis's litigated PCR claims and has never been a pleaded claim of malpractice in this case. Moreover, Mr. Lewis has never shown that the scope of Mr. Cobb's representation included uncovering and litigating such a claim. Mr. Lewis filed his PCR case pro se and hired Mr. Cobb to litigate those claims, and they never included the claim he belatedly asserts as malpractice now. In any event, because this claim is clearly outside the scope of the long-closed pleadings, the court declines to address it further.

Mr. Cobb is entitled to summary judgment on the malpractice claim. The case thus boils down to Mr. Lewis's $100 contract claim—the amount he claims he paid Mr. Cobb to hire an "appellate guy" who was never hired.

Order

For the foregoing reasons, Mr. Cobb's second summary judgment motion is granted.

Set this matter for a pre-trial conference. If it has not mediated, the court requires mediation before the pre-trial. The parties are to advise the court if mediation has occurred or if it is scheduled.

---

assessment of the records of the predicate cases and other available evidence about what occurred in them. Attorney Sussman largely faults Attorney Cobb for failing to investigate potential items of ineffective assistance that may have occurred in the predicate cases without demonstrating that ineffective assistance actually occurred. This is insufficient on summary judgment. Failing to investigate a claim that would not have had merit anyway is insufficient. Mr. Lewis has the burden of proof on his malpractice claim.

Robert R. Bent,
Judge