VERMONT SUPERIOR COURT

Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00954

---

In Re: Jason Combs

---

## ORDER ON PETITIONER'S MOTION FOR SUMMARY JUDGMENT

In this post-conviction relief ("PCR") action, Petitioner Jason Combs seeks to vacate his guilty plea to driving under the influence, fourth offense ("DUI #4"), in docket number 23-CR-4586. Before the Court now is Petitioner's motion for summary judgment.

### Relevant Background

Petitioner filed an amended PCR petition in the instant docket on November 27, 2024. See Amended PCR Petition (filed Nov. 27, 2024). In it, he makes two substantive claims. First, Petitioner contends that his guilty plea to DUI #4 entered in docket 23-CR-4586 on August 11, 2023 ("2023 Case"), must be vacated because the predicate convictions for two of the prior DUIs did not comply with V.R.Cr.P. 11(f). More specifically, he argues that during the plea colloquies on July 13, 1998 in docket number 765-7-98 Frcr ("July 1998 Colloquy"), and September 15, 1998 in docket number 903-8-98 Frcr ("September 1998 Colloquy") the Court failed to elicit from him a factual basis for his guilty plea. See Amended PCR Petition at 1; Mot. Summ. J. (filed Dec. 6, 2024) at 1–4.

Petitioner also complains of ineffective assistance of counsel based on his attorney's alleged failure to preserve Petitioner's right to contest the validity of the two 1998 DUI convictions on the record at the change of plea hearing in the 2023 Case. See Amended PCR Petition at 1–2; Mot. Summ. J., at 4–5.

Petitioner now moves for summary judgment on all claims. See generally Mot. Summ. J. (filed Dec. 6, 2024). Although the State purports to oppose the motion, its response failed to contest any material facts or provide any legal argument. See Response to Motion for Summary Judgement (filed Jan. 2, 2025); Response to Statement of Uncontested Material Facts (filed Jan. 2, 2025).

### Relevant Undisputed Facts

As a preliminary point, there are no disputed facts in this case. The State notes that Petitioner failed to include in his statement of undisputed facts that in both the July and

September 1998 Colloquies, in addition to referencing the information, the Court referenced "the charging affidavit in discussing a factual basis." Response to Statement of Uncontested Material Facts at ¶¶ 2, 4. The State makes no legal argument, so it is impossible to know why the State believed this constitutes a material factual dispute preventing judgment at this stage. It fundamentally does not do so. In fact, had the State analyzed the law on this issue, it would be apparent that the "dispute" raised by the State is not material at all. In addition, the Motion itself quotes in the body of the motion the exact language the State has raised, so it is not disputed, either.

Likewise, on the ineffective assistance of counsel claim, the question of whether having "enough time to consult with [an] attorney" and being "satisfied with their representation" constitutes ineffective counsel is not a dispute of *fact*. *Id*., at ¶ 7. Critically, it is not a legal argument either as it does not address the controlling standard for ineffective assistance of counsel in Vermont. In other words, both purported factual disputes raised by the State are immaterial, not actually disputed or both.

The facts of this case are rather straightforward. On July 13, 1998, Petitioner pleaded guilty to DUI #1 in docket number 765-7-98 Frcr. Ex 1. On September 15, 1998, Petitioner pleaded guilty to DUI #2 in docket number 903-8-98 Frcr. Ex. 2. Petitioner was subsequently convicted of a third, unchallenged DUI #3 charge.

On May 12, 2023, Petitioner was arraigned on, among other charges, DUI #4 in docket number 23-CR-4586 Frcr. Ex. 3 at 1. That DUI charge was enhanced to a felony-level charge based, in part, upon the two previous 1998 DUI convictions. *Id.* On August 4, 2023, Petitioner pleaded guilty to DUI #4, in docket number 23-CR-4586 Frcr, and was sentenced on that charge to 6–10 years to-serve. Ex. 4. During the change-of-plea and sentencing hearing in docket number 23-CR-4586 Frcr, Petitioner's attorney did not preserve on the record his right to challenge the validity of the 1998 convictions the State used to enhance the driving under the influence charge from a misdemeanor to a felony. Ex. 5; Ex. 3 at Count 1.

Analysis

A PCR proceeding provides "a limited remedy, intended to correct fundamental errors in the judicial process." *In re Kirby*, 2012 VT 72, ¶ 9, 192 Vt. 640 (mem.). A petitioner has the burden of proving "by a preponderance of the evidence, that fundamental errors rendered his conviction defective." *In re Combs*, 2011 VT 75, ¶ 9, 190 Vt. 559 (mem.) (quotation omitted).

**A. Rule 11(f) Claims**

Petitioner's argument here is that the July 1998 Colloquy and the September 1998 Colloquy violated Criminal Rule 11(f) requirement that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." As such, Petitioner argues, these "conviction should

not have been used against Petitioner Combs to enhance the 2023 DUI charge, conviction and sentence to a felony level crime." Mot. Summ. J., at 3 and 4.

Over twenty years ago, the Vermont Supreme Court held in *State v. Boskind* that a challenge to a predicate conviction used to enhance a sentence "must take place in superior court pursuant to Vermont's [PCR] statute." 174 Vt. 184, 185 (2002); *In re Manning*, 2016 VT 53, ¶ 20, 202 Vt. 111. It has also now been settled for some time in Vermont that "a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *In re Torres*, 2004 VT 66, ¶ 9, 177 Vt. 507 (mem.) (quotation omitted). In other words, defendants must challenge predicate convictions in PCR proceedings, but if a defendant pleads guilty to an enhanced offense they waive their right to collaterally challenge the predicate convictions at a later time. *In re Torres*, 2004 VT 66, ¶ 9.

The Vermont Supreme Court ultimately resolved this tension in *In re Benoit*. 2020 VT 58, ¶ 18, 212 Vt. 507. There, the court held that defendants can preserve a PCR challenge to a predicate conviction while pleading guilty to an enhanced charge "by stating on the record at the change-of-plea hearing an intent to challenge one or more of the convictions through a PCR petition, specifically identifying the convictions they intend to challenge, and stating the bases for the challenges." 2020 VT 58, ¶ 18, 212 Vt. 507.

Here, it is undisputed that Petitioner did not preserve, on the record, during the colloquy in the 2023 Case his right to challenge the 1998 predicate convictions. See SUMF at ¶ 7. Nor did Petitioner clearly indicate while pleading guilty that he intended "to pursue a specified PCR challenge." *In re Benoit*, 2020 VT 58, ¶ 19. Petitioner in fact concedes this much because his ineffective counsel claim is based precisely on the fact that it was his prior attorneys' failure to preserve the right to challenge the predicate convictions that rendered their performance below the required standard in Vermont. See Mot. Summ. J., at 5 ("Petitioner Combs contends that his criminal defense attorneys' performance fell below the standard of care required of Vermont criminal defense attorneys when they failed to state on the record at the change of plea hearing held in 23-CR-4586 on August 4, 2023, that Mr. Combs was preserving his right to contest the validity of the 1998 convictions.").

An identical situation was recently addressed by the Vermont Supreme Court in *In re Velde*, 2024 VT 80. There, the Court stated the following:

> The practical concern raised by the concurring opinion in *Gay* and the later decision in *Benoit* relate to a factual predicate that is not present in the instant case. They do not undermine the established law that existed at the time of petitioner's March 2018 plea. At that time, it was "well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *Torres*, 2004 VT 66, ¶ 9, 177 Vt. 507, 861 A.2d 1055 (quotation omitted). There is nothing in the summary-judgment record to undermine waiver, or to show, in the language of *Benoit*, 2020 VT 58, ¶ 22, 212 Vt. 507, 237 A.3d 1243, that petitioner made an attempt to preserve his ability to challenge a predicate

offense at the time of his plea, or that he pled guilty "with an understanding that he could pursue his collateral challenges to enhancing convictions in a PCR proceeding, and, importantly, a plan to do so." *Id.* To the contrary, petitioner expressly admitted that he had been convicted of the three felonies identified by the trial court and that he understood that he was giving up his ability to put the State to its proof by pleading guilty. . . .

Like the colloquies in *Torres* and *Gay*, the 2018 plea colloquy here shows that petitioner knowingly and voluntarily pled guilty and thereby "clearly waived any challenge to the prior convictions upon which the habitual offender enhancement was based." *Gay*, 2019 VT 67, ¶ 19, 211 Vt. 122, 220 A.3d 769 (Robinson, J., concurring); see also *Torres*, 2004 VT 66, ¶¶ 10, 11, 177 Vt. 507, 861 A.2d 1055.

*Id.*, ¶¶ 22–23 (footnote omitted). The same is true here. Petitioner waived all non-jurisdictional defects in the prior proceedings by knowingly and voluntarily pleading guilty to the DUI #4 charge in docket number 23-CR-4586.

As a result, Petitioner's Rule 11(f) arguments fail. Regardless of whether the underlying pleas were defective, Petitioner's subsequent voluntary and knowing plea to the DUI #4 in 2023 destroyed his ability to challenge those convictions in a PCR petition. The motion for summary judgment is *denied* as it relates to these claims.

Although the State did not move for summary judgment, the Court finds that there is no set of facts upon which Petitioner could prevail on his Rule 11(f) claims. As a result, they are dismissed. If Petitioner objects to this dismissal and wishes to make further argument regarding this dismissal, he may file his legal arguments and objection within fourteen days.

### B. Ineffective Assistance of Counsel Claim

Petitioner also contends that his previous attorneys "failed to state on the record at the change of plea hearing held in docket number 23-CR-4586 on August 4, 2023, that [Petitioner] was preserving his right to contest the validity of the 1998 convictions[,]" and as such, that their "performance [ ] f[ell] below the standard of care required of Vermont criminal defense attorney." Mot. Summ. J. at 5. The amended petition also argues this claim based on the attorneys' failure to investigate the predicate convictions. See Amended Petition at 1–2.

Vermont utilizes a two-prong standard for evaluating ineffective assistance of counsel claims, "a test that is essentially equivalent under the United States and Vermont constitutions." *In re Combs*, 2011 VT 75, ¶ 9, 190 Vt. 559. The first prong requires a petitioner to "show by a preponderance of the evidence that defense counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms." *Id.* (quotation omitted). The Court must remove "the distorting effects of hindsight" in conducting this analysis and evaluate the matter "from counsel's perspective at the time." *Id.* ¶ 10 (quotation omitted).

"Because '[t]rial counsel are permitted a great deal of discretion in decisions regarding trial strategy," *In re Dunbar*, 162 Vt. 209, 212 (1994), "expert testimony is generally required to show that an attorney's conduct fell below the standard of accepted practice in Vermont." *In re FitzGerald*, 2020 VT 14, ¶ 31, 212 Vt. 135 (quoting *In re Burke*, 2019 VT 28, ¶ 19, 210 Vt. 157). Under the first prong of the test, defense counsel is "strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

If a petitioner can meet the first prong, then the second prong is to show that petitioner suffered actual prejudice, "by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *In re Combs*, 2011 VT 75, ¶ 9 (quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *In re Cohen*, 161 Vt. 432, 435 (1994) (quotation omitted). It cannot be an abstract possibility. *In re Burke*, 2019 VT 28, ¶ 18 (quotation omitted). Both prongs of ineffective assistance of counsel claims are "mixed question[s] of law and fact." *In re Sharrow*, 2017 VT 69, ¶ 11, 205 Vt. 309.

Petitioner presented expert testimony from Attorney Jason Sawyer, an experienced lawyer in the defense of DUI cases. Affidavit of Attorney Sawyer, ¶ 2 (filed Dec. 16, 2024). He has defended hundreds of DUI cases over the course of his career. *Id.* Upon his review of this case, Attorney Sawyer concluded the following:

> Effective and competent counsel would have investigated the validity of [Petitioner's] prior DUI convictions, and would have informed and demonstrated to the State of Vermont the defects in the plea colloquies and thus likely infirm prior convictions as part of the plea bargaining process or, at minimum, preserve those challenges for subsequent PCR review at the August 11, 2023 change of plea proceeding pursuant to the dictates of *In re: Benoit*, 2020 VT 58, ¶ 18.

> Had [Petitioner's] counsel reviewed and analyzed the transcripts of the Rule 11 colloquies in the two 1998 change of plea hearings (items b and c in paragraph 4, above) and then negotiated with the State of Vermont taking into account the likely defective convictions, or, at minimum, preserved [Petitioner's] opportunity to challenge them via the post-conviction relief statutes, I believe the outcome of the 2023 case would have been far more favorable to [Petitioner], as the maximum sentence he could have served on Count 1 – for which he received sentence of 6–10 years to serve – would have been two (2) years, i.e. the maximum sentence for DUI, Second offense.

*Id.*, at ¶¶ 5–6.

*1. Failure to Investigate*

Petitioner's first claims appears to be that his counsel's performance leading up to the change-of-plea hearing in docket number 23-CR-4586 was deficient, because counsel failed to investigate the predicate offenses that formed the basis of the DUI #4 allegation. This is supported by Attorney Sawyer's affidavit. That is not enough, however.

Neither Petitioner nor his expert have cited to any legal authority for the proposition that a defense attorney is required to investigate all potential avenues of post-conviction relief for prior convictions in any criminal case that rests on a predicate offense. To be sure, "convictions are presumptively valid[.]" *State v. Setien*, 173 Vt. 576, 580 (2002); see also *State v. Tatro*, 161 Vt. 182, 186 (1993) ("In this context, no presumption arises that the earlier convictions are invalid if they were never challenged on direct appeal as having been obtained through uninformed guilty pleas.").

It appears that virtually every court that has considered the question of defense counsel's obligation to investigate predicate convictions has determined that defense counsel has no such obligation. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (noting that even if counsel did not thoroughly investigate defendant's prior convictions, he did not render ineffective assistance because the prior convictions are presumed valid); *Ennis v. Walker*, 2001 WL 409530, at *17 (S.D.N.Y. 2001) ("A failure to investigate and challenge prior convictions does not, by itself, constitute ineffective assistance of counsel."); *Cook v. Lynaugh*, 821 F.2d 1072, 1078 (5th Cir.1987) (noting that the focus of the court's inquiry is "simply whether the facts of [the] case . . . would have alerted a reasonably competent attorney to the need to investigate" the prior conviction); *Cabello v. State*, 524 So. 2d 313, 318 (Miss. 1988) ("In *Cook v. Lynaugh*, 821 F.2d 1072, 1078 (5th Cir. 1987), the Fifth Circuit noted that the Constitution 'imposes no general, per se duty on counsel to investigate whether a defendant's prior convictions were counseled.'"); *Pendleton v. Scully*, 664 F. Supp. 100 (S.D.N.Y. 1987) (finding it was not unreasonable for counsel to fail to contest a prior guilty plea when unaware of any grounds to contest it, and the defendant did not allege that the prior conviction was inaccurate or obtained unconstitutionally); *Barker v. Barrow*, 290 Ga. 711 (Ga. 2012) (counsel's failure to investigate the validity of prior guilty pleas by reviewing transcripts did not constitute deficient performance and counsel was held to have no duty to review transcripts of prior plea proceedings unless alerted to possible defects by the defendant). Also c.f. *Brown v. United States*, 2023 WL 4551682, at *6 (E.D.N.Y. 2023) (holding that not objecting to an FBI-generated criminal history report of the petitioner's criminal record was entirely reasonable, since nothing in the record raised questions about the accuracy of the report, and the attorney was not alerted about anything that should have prompted additional investigation).

The crux of these cases is that absent a criminal defendant raising an issue with their attorney regarding their prior convictions, the attorney has no obligation to independently investigate each predicate conviction. While the Vermont Supreme Court has not decided this issue, this Court is loath to go against seemingly every other Court that has considered the issue, despite Attorney Sawyer's uncontested, though legally unsupported opinion.

There is no evidence in the record here that Petitioner gave his previous attorneys any reason to doubt, or indicated in any way that they should doubt, the validity of his predicate convictions. Had he, that may have invoked counsel's duty to investigate. See *Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions …. [W]hat investigation decisions are reasonable depends critically on such information."). This is consistent with the Fourth Circuit's decisions on these issues, which clearly hinge on whether a client has raised an issue with counsel and the lawyer's subsequent lack of investigation. See e.g., *Tolliver v. United States*, 563 F.2d 1117, 1120 (4th Cir. 1977) (finding ineffective assistance where the client raised the exact legal issue that made his prior conviction defective and counsel did not investigate and gave legally incorrect advice); *United States v. Russell*, 221 F.3d 615, 620–21 (4th Cir. 2000) (holding in the impeachment context that it was objectively unreasonable for an attorney to rely on the prosecutors representation that prior convictions were valid when the client questioned their validity).

As a result, the Court must deny the request for summary judgment on the first part of the ineffective assistance of counsel claim. Petitioner may show at trial that he raised any alleged deficiencies in his prior convictions with his 2023 criminal defense attorney and he failed to properly investigate.

### 2. *Failure to Preserve a PCR Challenge*

Petitioner's next claim is that his previous counsel's performance was ineffective because his attorney did not preserve his ability to challenge a predicate offense at the time of his plea. The affidavit of Attorney Sawyer therefore concludes that "effective and competent counsel would have … at minimum, preserve[d] … challenges for subsequent PCR review at the August 11, 2023 change of plea proceeding pursuant to the dictates of *In re: Benoit*, 2020 VT 58, ¶ 18." Affidavit of Attorney Sawyer at ¶ 5.

The Court could not find any case law on this issue, and neither party cited to any cases related to the preservation issue. The flaw in this argument is that *Benoit* requires a defendant to "identify[] the convictions they intend to challenge, and stat[e] the bases for the challenges" on the record at the subsequent change of plea hearing. *In re Benoit*, 2020 VT 58, ¶ 18. If counsel has not investigated, then they cannot make the specific preservation required by *Benoit*.

While the exact level of specificity is not detailed in *Benoit*, the court's reasoning is instructive. First, the court noted that the rule it articulated "promotes finality by effectively compelling a defendant to identify and assert challenges to prior convictions before pleading guilty to an enhanced charge." *Id.* at ¶ 20. The court went on to note that the State and defendant can then negotiate the enhanced charge based on the potential flaws identified by Defendant. *Id.* It also noted that neither the State nor the court are required to "to agree to a defendant pleading guilty and preserving a PCR challenge to a predicate conviction." *Id.* "But if the State does agree to such a plea, and the court approves it, the subsequent PCR petition will not take anyone by surprise." *Id.* The policy reasoning of the Supreme Court is clear and it requires an attorney to lay out the basis for a future PCR challenge clearly enough to put all parties and the Court on notice.

The Court has just ruled that Petitioner's counsel in the 2023 case did not have an obligation to investigate whether the underlying convictions were defective unless Petitioner flagged the issue. That same lawyer, however, cannot preserve the issue without having done some investigation. This results in the same decision here. Under *Benoit*, counsel cannot make a blanket or blind preservation of all PCR challenges at a change of plea that involved predicate offenses. Therefore counsel's performance cannot fall below an "objective standard of reasonableness informed by prevailing professional norms," *In re Combs*, 2011 VT 75, ¶ 9, by not preserving a PCR challenge he had no duty to investigate.

The Court notes that if Petitioner can prove that he asked his counsel to investigate his prior convictions, he still must satisfy prong two of the ineffective assistance of counsel claim. On prong two, Petitioner must show "that counsel's performance prejudiced the defense by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *In re Combs*, 2011 VT 75, ¶ 9. This is an especially uphill battle on the failure to preserve claim, because a valid preservation of a right to challenge an underlying conviction requires the agreement of the State and the approval of the court in the 2023 matter. Petitioner has not yet established that.

## ORDER

Based on the foregoing, Petitioner's motion is *denied*. The claims asking the Court to order post-conviction relief are dismissed for the reasons stated above. Petitioner has fourteen days to file a substantive objection to that dismissal.

The Court will hold a status conference to determine how the parties want to proceed on the outstanding issues which can be summarized as follows:

1. Did Petitioner Combs ask his attorney to investigate his predicate convictions such that it would have created a duty for that attorney?
2. If so, can he establish the requisite prejudice for either of his ineffective assistance claims?

Electronically signed on March 28, 2025, pursuant to V.R.E.F. 9(d).

Navah C. Spero
Superior Court Judge