Filed 10/14/25

VERMONT SUPERIOR COURT

Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-00954

---

**In Re: Jason Combs**

---

## ENTRY REGARDING MOTION

Title:        Motion to Reconsider Summary Judgment Decision; Motion to Amend Complaint
(Motion: 9; 10)
Filer:        Mark E. Furlan; Mark E. Furlan
Filed Date:    June 16, 2025; June 16, 2025

In this PCR proceeding, the Court dismissed Petitioner's Rule 11 claims and denied summary judgment on both parts of his ineffective assistance of counsel claim. Petitioner now moves the Court to reconsider that decision. The State opposes the motion. Petitioner also moves to further amend his petition. Based on the following, the Court grants the motion to reconsider in part and denies it in part, and grants the motion to amend in part.

### Relevant Procedural Background

Petitioner filed an amended PCR petition on November 27, 2024. In it, he made a Rule 11(f) and an ineffective assistance of counsel arguments. On December 6, 2024, he moved for summary judgment on all counts. The Court issued its decision on April 1, 2025. It dismissed Petitioner's Rule 11 claims because it determined he waived all non-jurisdictional defects in the prior proceedings by knowingly and voluntarily pleading guilty to the DUI #4 charge. The Court, however, left room for Petitioner to object to its decision and instructed him to further brief the issue if he does object. The Court also denied summary judgment on Petitioner's ineffective assistance of counsel claim because it determined he gave his previous attorneys no reason to doubt the validity of his predicate convictions, enough to trigger any duty under *Strickland*. The Court, however, left open the questions of (1) whether Petitioner asked his previous attorney to investigate his predicate

convictions such that it would have created a corresponding duty under *Strickland* for that attorney, and (2), if so, whether he can establish the requisite prejudice for either species of his ineffective assistance claims.

In his motion to reconsider, Petitioner makes arguments on both the Rule 11 and ineffective assistance of counsel claims. First, on Rule 11, Petitioner contends that he has *not* waived all-nonjurisdictional defects in his predicate convictions. He argues that because his former attorneys did not investigate the predicate convictions, he could not have entered the plea knowingly and voluntarily, and as such, he did not waive all non-jurisdictional defects in the prior proceedings under controlling precedent.

And second, on the ineffective assistance of counsel claim, Petitioner now contends that he had, in fact, spoken with his former attorneys about the validity of his predicate convictions, see Aff. Jason Combs (filed Jul. 7, 2025), thereby triggering his duty to investigate under *Strickland*, see *Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions …. [W]hat investigation decisions are reasonable depends critically on such information.").

The State filed an opposition to the motion to reconsider.

Analysis

**A. Rule 11**

Petitioner's basic argument in his motion is that in order for a guilty plea to be knowing and voluntary, competent advice of counsel is necessary. He therefore concludes that a lack of investigation by counsel regarding a petitioner's right to contest predicate convictions necessarily means that a lay-defendant cannot have the requisite knowledge to make an informed decision as to whether to plead guilty or contest the predicate convictions. Simply put, if counsel does not investigate predicate offenses, a plea cannot be knowing and voluntary, and is, therefore, not subject to waiver under the controlling case law.

While Petitioner's arguments might be otherwise appealing, the fact remains that in Vermont, "a defendant who knowingly and voluntarily enters guilty plea waives all non-

jurisdictional defects in the prior proceedings." *In re Torres*, 2004 VT 66, ¶ 9, 177 Vt. 507 (mem.) (quotation omitted). Though a petitioner may preserve a PCR challenge to a predicate conviction while pleading guilty to an enhanced charge "by stating on the record at the change-of-plea hearing an intent to challenge one or more of the convictions through PCR petition, specifically identifying the convictions they intend to challenge, and stating the bases for the challenges." *In re Benoit*, 2020 VT 58, ¶ 18, 212 Vt. 507. Petitioner, however, still misses the crucial link of legal authority: authority that a defense counsel's failure to investigate a predicate conviction, or his failure to inform a defendant of a possibility that such a conviction can be later challenged, specifically means that a defendant's guilty plea is not knowing and voluntary. The federal cases that Petitioner cites for the proposition that "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice[,]'" are not persuasive of that specific proposition. Petitioner's Addendum (filed Jun. 16, 2025) at 3 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)).

The Court, therefore, remains convinced that the controlling case law in Vermont requires it to conclude that Petitioner, on the facts presented on summary judgment, waived all non-jurisdictional arguments on his Rule 11 claim. The Rule 11 claim remains dismissed.

## B. Ineffective Assistance of Counsel

On his ineffective assistance of counsel claim, Petitioner now contends that he had, in fact, asked his previous attorneys whether his "earlier DUI convictions should count and if they could get those prior convictions off [his] case." Aff. Jason Combs, ¶ 4. In its order on summary judgment, the Court left open the questions of (1) whether Petitioner asked his previous attorney to investigate his predicate convictions such that it would have created a corresponding duty under *Strickland* for that attorney, and (2), if so, whether he can establish the requisite prejudice for either species of his ineffective assistance claims.

If the Court grants Petitioner's amendment that he had explicitly asked his previous attorneys about his predicate convictions, this could potentially change the Court's ruling on the ineffective assistance of counsel claim. Indeed, it might be that the Court would then

have to examine at trial Petitioner's ineffective of counsel claim anew to determine whether his questioning of the predicate convictions triggered an attorney's duty under *Strickland*.

The motion to amend the petition is granted. The Court will also afford the State 14 days to respond to the Amended Petition.

## ORDER

The motion to reconsider is granted in part and denied it in part. It is denied on Petitioner's Rule 11 claim. It is granted on Petitioner's ineffective assistance of counsel claim. That claim remains, though the Court is not granting Petitioner summary judgment based on the current record. The Court will set this matter for trial.

The motion to amend is granted in part as noted above.

The Court will set a pretrial conference in thirty days.

Electronically signed on October 13, 2025, pursuant to V.R.E.F. 9(d).

_____
Navah C. Spero
Superior Court Judge